## EMMA MARBURG *v.* SAFE DEPOSIT & TRUST COMPANY.

[No. 12, October Term, 1939.]

*Decided November 28th, 1939.*

The cause was submitted on briefs to BOND, C. J. OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Howard C. Bregel,* for the appellant.

*Charles McH. Howard,* for the appellee.

166

SLOAN, J., delivered the opinion of the Court.

Albert Marburg, now deceased, on November 9th, 1920, executed a deed of trust to the Safe Deposit and Trust Company of Baltimore, for the benefit of many relatives of himself and his wife, amongst them one for his sister, Miss Emma Marburg, which provided for her as follows:

"If my sister, Emma Marburg survives me, to hold the sum of fifty thousand dollars ($50,000.00) in trust to pay the net income therefrom to her during her life, with power to the said Trustee to pay her from time to time such portion or portions of the principal as it may, in its discretion, deem beneficial to her; and upon her death to pay over, transfer and deliver the said fund, or such portion thereof, as it may not have paid to her, to such persons or for such objects as she may appoint by her last will and testament; and should she fail to so appoint, then said fund, or such portion thereof as may not have been paid to her, shall form part of the residue of the trust estate and be disposed of as herein below provided."

Miss Marburg had made several demands on the trustee for the payment of the principal, all of which were refused, whereupon, in 1937, when she was seventy-seven years of age, she filed a bill of complaint against the trustee, wherein she stated that her personal needs and comfort had always been amply provided for, and she "* * * engaged in such activities as were fitting to a person in her station in life; that she has had and does derive as her pleasure and chief occupation the assistance of persons, who in the opinion of * * * petitioner are deserving and that her expenditures have been mainly for this purpose; * * * that * * * petitioner has invested her funds in Life Insurance Annuities in large standard Companies, the income from which while sufficient and adequate for her personal needs is not sufficient to enable her to carry on work in which she is interested, and which affords her her only interest and pleasure in life"; that what she wants to do is to invest the principal of the said trust fund in another life insur-

ance annuity "\* \* \* which would guarantee her additional income, and be of benefit to her during her lifetime, rather than limit her to the disposition of same by her last will and testament," and prays a decree directing the trustee to pay over to the petitioner the principal of the trust fund.

The defendant, trustee, both answered and demurred, but the case was heard and decided on its merits, so that there is no need to discuss the sufficiency of the bill of complaint. From a decree dismissing the bill, the petitioner appeals.

Miss Marburg, out of her own means, bought life insurance annuities which yield $24,000 a year. In addition to this she is the beneficiary of three trusts, including one here involved, which give her an income of $7,000 a year. The one with which we are concerned brings in at the present about $1,900 a year. It is conceded that all of her personal requirements are gratified. But Miss Marburg is very generous; she gives eight persons fifty dollars a month each, and indulges in many other benefactions, such as furnishing dental and medical services for elderly, needy, people. Her only reason for demanding the principal is that she wishes to increase her immediate income so as to extend the range of her benefactions. The trustee has not yielded to the petitioner's importunities for the reason that it is not its conception of her brother's, the donor's, intention. If he had wanted her to have money merely to spend, he could or may be would have given it to her directly. Instead he gave the fund to a trustee with power "\* \* \* to pay her from time to time such portion or portions of the principal as it may in its discretion, deem beneficial to her." The donor named as trustee one on whose discretion the power should be exercised, and he did not name this or any other court to advise the trustee or direct its course. Unless there has been a clear abuse of power or neglect of duty by the trustee, a subversion of the will of the donor, or a violation of the trust, courts should not and will not interfere, and thus sub-

stitute their will for that of the donor or the trustee. *Baer v. Kahn,* 131 Md. 17, 26, 101 A. 596, and cases there cited; *Stein v. Safe Deposit & Trust Co.,* 127 Md. 206, 217, 96 A. 349; 3 *Bogert on Trusts and Trustees,* sec. 560; 4 *Bogert on Trusts and Trustees,* p. 2344, sec. 811; 26 *R. C. L.* 1373.

We do not find in this record anything that would justify a court's interference, such as there was in *Pole v. Pietsch,* 61 Md. 570, where the rule was stated as here, but it was held that the trustees had grossly neglected to perform the duty imposed on them by a testator; even though the power was discretionary. But the facts in that case are so dissimilar to those in this record, as to give the conclusion there no value as a precedent here.

The result may be a disappointment to the petitioner, but her brother left the way open for her to do as she wished with the corpus through the power of appointment, and if she fails to exercise it, it will go to some worthy charity anyhow.

*Decree affirmed, with costs.*