DUDLEY W. ORR, *Trustee v.* FLORENCE G. MOSES & *a.*

*Dudley W. Orr, pro se,* and *Robert H. Reno* (*Mr. Reno* orally), for the petitioner.

*Ernest R. D'Amours*, Attorney-General (by brief), as *amicus curiae*.

DUNCAN, J. The testator's will exhibits a plain purpose to make adequate provision for his widow during her lifetime. By the first clause of the will, the executor is directed to pay to her "such sums as she may require for her comfortable support and maintenance during the period of administration." The third clause bequeaths to her with few exceptions all of the testator's "personal property articles" for her use during her lifetime. By the fifth clause, the residue, constituting the bulk of the estate, is placed in trust for her benefit during her natural life.

Under the provisions of paragraph (b) of the fifth clause, the widow is entitled to receive the net income of the trust, and such payments from principal as the trustee shall "find to be necessary," without express limitation to payments necessary for support and maintenance. The authority thus granted to the trustee might be thought to imply such a limitation, were it not for the provisions of the first clause of the will directing payments to be made "as she may require for her comfortable support and maintenance." The omission of similar phraseology in the trust provisions is significant of a purpose to make a somewhat different provision for the beneficiary after the period of administration. Reasonable interpretation would suggest that the testator did not intend to be less generous with his widow during her later years than during the year following his death. It follows that he intended something broader than "comfortable support and maintenance" alone. Furthermore the trustee's authority is to pay "for the benefit of" the beneficiary, as well as "to" her. While the phrase is used primarily to authorize payment to others than the beneficiary, it too is suggestive of something broader than support. See, *Weston* v. *Society*, 77 N. H. 576, 579-580.

On the other hand, it is apparent that the testator intended and expected that his wife's needs would not be such as to exhaust or even to largely deplete the principal, but rather such as to permit the payment of legacies of thirteen to fourteen thousand dollars at her decease with sufficient principal remaining to produce a life income for the son. The facts found suggest no prospect of a different result.

To guide the trustee in determining what is "necessary," the will furnishes no standard beyond the considerations mentioned; but they may be taken to constitute a sufficient guide. We think it plain that payments made merely to "contribute to" the beneficiary's happiness and peace of mind were not intended to be authorized (*cf. Marburg* v.

*Company,* 177 Md. 165), for the concept of necessity is made the criterion of invasion of the principal by the trustee. The testator intended payments from principal to be restricted to those which the trustee finds to be necessary to the beneficiary's accustomed way of life: to support and maintenance, not merely "comfortable" in a physical sense, but fitting to her station, and consistent with the standard of living which she enjoyed during the testator's later years. This need not be taken to require that future expenditures be supported by distinct precedent in the past. The fact that a particular expenditure was not occasioned prior to the testator's death would not conclusively establish its needlessness at some later date. As reasonable propriety was held to be the test in *Fowler* v. *Hancock,* 89 N. H. 301, so here the test is reasonable necessity. "The necessity which the testator had in mind was a reasonable necessity in view of all the circumstances. The question whether it exists at a given time is to be determined . . . in the impartial exercise of a sound discretion, subject to the supervision of the court." *Ellis* v. *Aldrich,* 70 N. H. 219, 222.

Manifestly no precise rule of thumb can be laid down as a measure of necessity, to be applied to any given set of circumstances. If it could, the trustee's discretion could be dispensed with. Until circumstances require the exercise of discretion, no final determination of what is necessary can be made. No circumstances which occasion the exercise of discretion by the trustee at this time have been brought to our attention. The intimation in the facts found, that the beneficiary requests a payment from principal for the purpose of making gifts, a topic to which the Attorney General has devoted his brief, we are told is without foundation in fact; and the evidence suggests that such gifts can be made by the beneficiary out of her own means.

"The exercise of the jurisdiction of the court to advise in the administration of a trust . . . is limited to questions . . . where the advice is necessary for the protection of the trustees, who 'are not required to incur risk in the management or distribution of the trust fund.'" *Carr* v. *St. Paul's Parish,* 71 N. H. 231, 233. It does not appear that any of the parties now assert claims adverse to any position taken by the trustee, or that protection is sought by him.

Under all the circumstances, advice fixing maximum and minimum limits within which the trustee's discretion shall be exercised in the future may not properly be given. The court may "decide upon the rights of parties as they exist in the present, but it is not within their province, nor will they assume jurisdiction, to decide in advance what

such rights may be in the future." *Gafney* v. *Kenison*, 64 N. H. 354, 357. The testator did not see fit to set fixed limits, and "it has not been the practice to speculate upon the intention of a testator under mooted contingencies which may never occur." *Adams* v. *Hospital*, 82 N. H. 260, 263. Whether payments out of principal may be "necessary" or authorized at some later date must be determined in a reasonable exercise of discretion under circumstances then existing. We accordingly decline to advise further with respect to the interpretation of paragraph (b) of the fifth clause of the will or to consider the purport of paragraph (g) thereof. Construction of the latter paragraph must necessarily be affected by some considerations distinct from those bearing upon the former, and like the former, by circumstances existing at the time of exercise of the discretionary power conferred. See, *Eaton* v. *Eaton*, 81 N. H. 275, 276-277; *Hanford* v. *Clancy*, 87 N. H. 458, 461; Restatement of the Law of Trusts, *s.* 164, *comment* (c).

*Case discharged.*

All concurred.