Hillsborough,
No. 4361.

AMOSKEAG TRUST COMPANY, *Trustee.*

*v.*

ROGER S. WENTWORTH *& a.*

Submitted December 7, 1954.

Decided January 19, 1955.

*Warren, Wiggin, Sundeen & Nassikas* for the plaintiff, furnished no brief.

*Ernest R. D'Amours,* Director of Charitable Trusts, *pro se.*

The remaining defendants entered no appearance.

LAMPRON, J. The answer to the first question is in the affirmative, that is, the trustee has discretion as to payments of income to Roger S. Wentworth.

What the testatrix intended is the sovereign guide in the interpretation of her will. *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89, 91. She expressed her intentions as to the income of this trust fund as follows: "and the income . . . to be from time to time paid to my said son or for his benefit in order that his personal necessities and needs may be paid. It is my will and direction that no part of . . . the income . . . shall be used for the benefit or support of any other person than my said son." The will also states that this fund "is established for the benefit of my said son personally and

for no other use, purpose or person." Although the record does not disclose the amount of the fund, if the trustee had no discretion in the matter and were required to pay all of its income to Roger at least as often as once a year (*Nashua Trust Co.* v. *Burke*, 84 N. H. 490, 491) regardless of the requirements of his personal needs and necessities, some of it could be used "for the benefit or support of . . . other person[s] than my said son" and for "other use, [or] purpose" than Roger's needs and necessities contrary to the expressed intent of the testatrix.

In answer to the second question the use of either income or principal or both does not extend to payments which the trustee shall find contribute to the beneficiary's happiness, contentment and peace of mind regardless of his need for them.

The testatrix in creating the trust used the words "necessities and needs" which are rather relative terms having no fixed or rigid meaning. *Indian Head Nat. Bank* v. *Theriault*, 97 N. H. 212, 214. However they do not cover that which is merely desirable and not reasonably essential. 65 C. J. S. 270, 273. Her adoption of necessity and need as a criterion of the nature of the payments she intended rules out those which might contribute to the beneficiary's happiness, contentment and peace of mind regardless of his need for them (*cf. Weston* v. *Society*, 77 N. H. 576, 579) and limits payments to those reasonably necessary in view of all the circumstances. *Orr* v. *Moses*, 94 N. H. 309, 312. In determining what might be reasonably necessary to meet the personal necessities and needs of the beneficiary under all the circumstances the manner and style to which he was accustomed to live at or about the time of the death of the testatrix (*Ellis* v. *Aldrich*, 70 N. H. 219, 222) and his other resources if any are to be considered. *Eaton* v. *Eaton*, 82 N. H. 216, 218; *Nashua Trust Co.* v. *Burke*, *supra*; anno. 2 A. L. R. (2d) 1383, 1431.

The third question does not state any matter upon which the jurisdiction of the court to advise in the administration of a trust should be exercised. *Carr* v. *St. Paul's Parish*, 71 N. H. 231, 233. If specific questions of doubt or of conflicting claims should arise later where the advice of the court is necessary for the protection of the trustee application may then be made therefor and further instruction will be given. *Gafney* v. *Kenison*, 64 N. H. 354, 357; *Orr* v. *Moses*, *supra*, 312.

*Remanded.*

■ ■ 349

All concurred except DUNCAN, J., who was of the opinion that the trustee has no discretion with respect to the payment of income and therefore dissents in part.