Hillsborough,
No. 4462.

LILLIAN E. MORSE & a., *Co-ex'rs*

*v.*

HUGO E. TRENTINI, *Ind. and as Adm'r & a.*

Argued March 6, 1956.

Decided March 29, 1956.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Winer* orally), for the plaintiffs.

*Charles J. Lincoln* and *Kenneth A. Brighton* (*Mr. Lincoln* orally), for the defendants.

DUNCAN, J. The issue raised by the plaintiffs' exception to the ruling that "a conservator may waive the provisions of a will in behalf of the person under conservatorship" was decided adversely to their contentions in *Crawford* v. *Widett,* 100 N. H. 115. This the plaintiffs recognize and with deference request the Court to re-examine the decision. Their briefs and argument for the most part present the considerations advanced by the plaintiff in the cited case. The principle that the statutory right of a surviving spouse to elect (RSA 560:10-13) is a personal right (*Page* v. *Library,* 69 N. H. 575) and may not be exercised by a conservator for want of clear statutory authorization is again urged upon us. Further, attention is called to the action of the Legislature in amending P. L., c. 291, s. 12, to provide that conservators as well as guardians may be licensed to purchase real estate as a homestead for their wards. Laws 1931, c. 162; RSA 464:13. Although the right of election may be "personal" in the sense of involving the "intimate" relationship of husband and wife, as the plaintiffs contend, it is personal in a legal sense because it does not survive the surviving spouse, and may not be exercised by his or her legal representatives. *Gowing* v. *Laing,* 96 N. H. 364. See *Colby* v. *Varney,* 98 N. H. 99, 103. This principle remains unaffected by the decision in *Crawford* v. *Widett, supra.*

The action of the Legislature in enacting Laws 1931, c. 162, appears to us inconclusive of the intention expressed in RSA 464:18. Accordingly, we adhere to the conclusions reached in *Crawford* v. *Widett, supra.* The ruling of the Trial Court that a conservator is authorized to waive the provisions of a will in favor of his ward is sustained.

The second question presented is whether the Court erred in finding and ruling that the defendant "improperly exercised the right to waive the will" and in adjudging the waiver invalid on that account. The law is settled that it is the duty of a guardian in making an election for his ward, and hence of a conservator in making a like election, to "try to place himself as nearly as possible in the position of the [ward] and take such action as

[he or she] would probably take" if competent to make the election personally. *Wentworth* v. *Waldron,* 86 N. H. 559, 564; *Hogan* v. *Roche,* 95 N. H. 368, 370. In the former case it was also pointed out: "Clearly the statute invests the guardian with discretion as to the exercise of the power to waive or accept the provisions of the will." *Wentworth* v. *Waldron, supra,* 564.

The exceptions present the issue of whether the Trial Court was justified in setting aside the defendant's action as conservator taken in the exercise of the discretion conferred upon him by statute. It is familiar doctrine that a court of equity may not substitute its judgment for that of a fiduciary in exercising his discretion, and may only set aside the latter's judgment where discretion has been abused. "His failure to administer the fund properly did not entitle the court to act as a substitute trustee. It was to the reasonable exercise of the trustee's judgment that the determination . . . was committed. The question is one of fact, which the will provides the trustee should decide, and his decision stands if it is a reasonable one." *Eaton* v. *Eaton,* 82 N. H. 216, 218, 219. See also, *Hanford* v. *Clancy,* 87 N. H. 458, 460; *Woodward* v. *Jolbert,* 94 N. H. 324.

While in the case before us the Court did not purport to act in the place of the conservator, the effect of the decree is to defeat any election on behalf of the surviving spouse since he is now dead. *Gowing* v. *Laing, supra.* The issue before the Trial Court was whether the act of the conservator must be considered so arbitrary and improper as to amount to abuse of his discretion. The implied ruling that it was should stand if warranted by the record.

Acting upon the requests of the parties, the Presiding Justice found that the conservator was not moved solely by the "financial considerations of his ward's estate," that he "knew that the relatives of his ward's wife had had almost no contact with his ward and his wife for many years," until about the time that the wife's will was made, and that the estates of both had been created "almost entirely from [his ward's] efforts and labor." Subject to the defendant's exception, the Court expressly found that the election was made "at the behest of the probable heirs of [the ward], for their benefit and on their representations," and that: "Consideration was not given as to whether or not [the ward] would have wanted to interfere in [his wife's] disposition of her estate . . . . "

In our opinion the finding last quoted was not required by the

evidence, and the other findings made do not justify the conclusion that the conservator abused the discretion vested in him. Neither does the evidence apart from the findings compel such a conclusion. The fact that the election followed the wishes of the ward's relatives, that they may benefit from it, and that it was made "on their representations" does not demonstrate that discretion was abused. The ward himself, if competent, might have acted upon the same considerations. There was evidence that the plaintiff niece, who shares the residue of the testatrix' estate in equal shares with her four children, had shown little or no interest in the wife until about the time the will was made as the conservator knew. He testified that in talking with the probable heirs of his ward, he considered the "thoughts [the wife] had expressed to me relative to [the niece]." He had known the Burtons for many years, but the niece had never been referred to by the wife, until both conferred with him concerning the wife's affairs. He knew that the estates of both the ward and his wife came primarily from the earnings of the ward, that they had not kept "their estates separate . . . and run them separately," and that they had originally made joint wills in favor of each other. He knew that before the wife's last will was made both Burtons had been certified by physicians to be mentally incompetent. While the evidence indicated that before filing the waiver he made no particular investigation of what his ward's wishes might be with respect to waiver, beyond trying to discuss the matter with him and finding him incapable of understanding, there was no evidence in the record that any investigation could have been made which would have disclosed any probability that his ward would have followed a course different from the one the conservator took.

The evidence that his ward had expressed satisfaction with his wife's proposed last will before it was executed does not establish that the ward would not have waived the will. If he was then competent, he may have known that after his wife's death he could enforce his statutory rights if he chose. If he was incompetent, his expression of satisfaction was without significance.

The language of the court in *Wentworth* v. *Waldron, supra,* 564, 565, is appropriate here: "The allegations . . . that the waiver of the will . . . [is] not necessary in order to provide for [his] personal needs; that the effect of the election . . . will be to divert property of the [testatrix] from the channels from which [she] intended it to go, and to increase the [widower's] estate for the direct benefit

of [his] heirs and beneficiaries, are singly and collectively inconclusive upon the question of whether the guardian's discretion has been legitimately exercised."

Nothing appears in the record which would warrant a finding that the defendant acted arbitrarily or in bad faith, dishonestly or from improper motives, or that the election which he made was plainly unreasonable or an abuse of his discretion. In the absence of such a showing, the fiduciary's exercise of his discretion may not be set aside. *Eaton* v. *Eaton, supra*; 3 Bogert, Trusts and Trustees, (Pt. 1), *s.* 560; 2 Scott on Trusts, *ss.* 187, 259; Restatement, Trusts, *s.* 187, *comment* e.

*Judgment for the defendants.*

All concurred.