Hillsborough,
No. 5162.

INDIAN HEAD NATIONAL BANK *& a.*

*v.*

CAROLYN GREGG RAWLS *& a.*

Argued October 2, 1963.
Decided November 5, 1963.

*Sullivan, Gregg & Horton, (Mr. James L. Sullivan* orally), for the plaintiffs.

*Cheever & Sullivan* for Carolyn Gregg Rawls, furnished no brief.

*Sheehan, Phinney, Bass, Green & Bergevin,* and *Kimon S. Zachos (Mr. Zachos* orally), for David A. Gregg, III and

Virginia T. Gregg, guardian of Stephen T. Gregg.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* for Crotched Mountain Foundation, Inc., furnished no brief.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, pro se, furnished no brief.

LAMPRON, J.    Paragraph "A" of "Clause First" of the trust agreement directs the trustees to divide the principal of the trust fund into three equal shares, one for each of the children of the settlor, Carolyn, David and Stephen.

Under paragraphs "B", "C" and "D" of this clause, "the Trustees shall accumulate the income of the share" of each child until he or she reaches the age of forty-five.  On reaching that age each child is to receive the current income of his or her share until the age of sixty when distribution of all the principal and unpaid, accrued and accumulated income of this share is to be made to that beneficiary.  In case of the death of a beneficiary before final distribution of principal and of accrued income distribution is to be made to the surviving issue of the deceased in a manner specified therein.  In the absence of such issue the payment of current income and final distribution of principal and of accrued income is to be made to the surviving children or child of the settlor, named above, or to their issue.

If on the death of the last survivor of these three named beneficiaries there is no issue of any of them then living, the remaining principal and income is to be paid and distributed to Crotched Mountain Foundation, Inc. as successor to the beneficiary named in the trust agreement.

The language of "Clause First" considered as a separate entity isolated from the other provisions of the trust instrument would necessitate the conclusion that the trustees have an unalterable duty to accumulate the income of each share until its beneficiary, has reached the age of forty-five.  It would follow that the trustees could not make payments prior to that time for educational or other purposes out of either the income or principal of the trust.    Restatement (Second), Trusts, *s.* 182, *comment* c.

However it is well established in this jurisdiction that our courts have shown a signal regard for the intention of a settlor of a trust as they do for that of a testator. *Katz* v. *Katz*, 104

N. H. 478; *Merrow* v. *Merrow*, 105 N. H. 103. The nature and extent of the interest given to trust beneficiaries is to be determined from the whole instrument and not from an isolated phrase or clause of it. *Athorne* v. *Athorne*, 100 N. H. 413, 415; *Gourley* v. *Greene*, 102 N. H. 501, 503. The relationship of the settlor to the beneficiaries and his duties toward them are among the facts to be considered by a court trying to place itself in the shoes of the creator of the trust in order to ascertain what he intended by the trust instrument. *Amoskeag Trust Co.* v. *Haskell*, 96 N. H. 89, 91.

There is no room for doubt that the settlor selected his three children as the main objects of the benefits to be conferred by the trust. *Amoskeag Trust Co.* v. *Haskell*, *supra*, 97. At its creation, April 22, 1953, two of these beneficiaries, David and Stephen, were about 13 and 8 years of age. David is now an ensign in the United States Navy and Stephen a freshman in college. Although not determinative of the issue (*Merrow* v. *Merrow*, *supra*; Restatement (Second), Trusts, *s.* 164, *Ill.* e) the settlor, who is living, has unequivocally stated to the trustees that it was his intention to give them the power to make payments out of income and principal for educational or other purposes prior to the beneficiaries attaining the age of forty-five. He has no objection to their making the payments that have been requested for expenses of the education of these beneficiaries.

"Clause Third" paragraph "E" of the trust agreement provides that "the Trustees in exercising the powers herein given to them under this instrument shall be guided by the fact that the Settlor wishes his children to live in the manner to which they became accustomed during the Settlor's life, taking into consideration this Trust Fund as well as any other resources his children may have, while at the same time wishing them to be instructed in habits of frugality and industry and to learn the value and the use of money. The Settlor desires that after each child or grandchild entitled to income hereunder attains the age of understanding such child or grandchild shall feel free to consult the Trustees as to his or her needs and desires, and the Trustees may in their discretion pay to a child directly such amounts from time to time as such Trustees deem best for spending money for his or her personal needs and his or her individual receipt for such amount shall be a full discharge of said Trustees. The Trustees in deciding what amounts shall be

expended for the education of any of said children or grand-children of the Settlor shall be guided by the fact that the Settlor wishes them to have, if they so desire and also show capacity therefor, a liberal education including such educational advantages in schools and colleges and educational institutions of higher learning as they may have the inclination and capacity for."

It .is logical to conclude that the Settlor intended that these expressed purposes be considered by the trustees in their determination whether to exercise the powers specifically granted to them by him in "Clause Second" of the agreement. They include the following: "the power to alter, amend or terminate this Trust Fund or to change and alter any of the provisions thereof; to declare new trusts of the property in any way or manner and to change or alter any or all of the provisions of this instrument."

These powers "shall be exercised by two-thirds (2/3) of the then Trustees, subject to the written approval of two-thirds (2/3) in interest of the Beneficiaries . . . 'Beneficiaries' as used herein means the persons entitled to income of the Trust at the time such power is exercised." This definition of beneficiaries could be given a restricted meaning which, because under the provisions of "Clause First" none of the named beneficiaries is entitled to receive income (none having reached the age of 45), would result in no beneficiary existing at the present to approve the exercise of the above powers by the trustees if they decided to use them.

However it seems much more realistic and consonant with the intention of the settlor expressed in the entire instrument to interpret this language to mean those beneficiaries who would be entitled to the income at the time of the exercise of the power if it was not being accumulated by the trustees.

This latter interpretation, in view of the particular circumstances of this case, confers on the persons which the settlor wanted to benefit most, his children, the advantages of instruction in "the value and the use of money"; of feeling "free to consult the Trustees as to his or her needs and desires"; of being paid directly in the discretion of the trustees "such amounts from time to time as such Trustees deem best for spending money for his or her personal needs"; of having the trustees expend trust funds for "a liberal education . . . in schools and colleges and educational institutions of higher learning as they

may have the inclination and capacity for." *In re Lathrop Estate,* 100 N. H. 393.

In answer to question "1" we hold that the trustees have the right but not an unalterable duty "to accumulate income under Clause First A, B, C and D of the trust instrument until the respective beneficiaries attain the respective ages stated therein."

In answer to question "2" we further hold that the trustees have the right subject to the approval requirements of Clause Second A "to make payments to Carolyn Gregg Rawls, formerly Carolyn Gregg, Virginia T. Gregg, guardian of Stephen T. Gregg, and David A. Gregg III for educational or other purposes, as requested, prior to their attaining the respective ages of forty-five years" out of income or principal or both.

In answer to question "3" we hold that "the trustees acting in conjunction with 'beneficiaries' presently have the power to alter, amend, or terminate the trust under Clause Second A, B and C." We also hold that Carolyn Gregg Rawls, Stephen T. Gregg and David A. Gregg III are presently "Beneficiaries" under that clause of the trust agreement.

*Remanded.*

All concurred.