Rockingham,
No. 5673.

TRUSTEES OF THE PROTESTANT EPISCOPAL CHURCH &a.

*v.*

ROBERT DANAIS, *Director.*

Argued October 4, 1967.
Decided November 30, 1967.

*Edward F. Gage* ( by brief and orally ), for the plaintiffs.

*Norman E. D.'Amours,* Assistant Attorney General ( by brief ), for the defendant.

GRIFFITH, J. The petition involves a tract of land acquired by Christ Church on August 28, 1866 by warranty deed of William

O. and Clarissa T. Smith reciting the "premises are to be used for the purpose of erecting and maintaining a house of worship for said Church." The habendum further provided that the grant to the church is to be held for the above named purpose "so long as said Christ Church shall continue to exist and if from any cause said Church shall cease to exist then to the Missionary Fund of the Episcopal Diocese of New Hampshire."

It appears from the petition that a church building was erected and that it has been in continuous use until the present time. The growth of the parish of Christ Church in the hundred years that have elapsed since the deed is such that the present church is no longer adequate for the membership without extensive reconstruction. Reconstruction of the present wooden edifice would be uneconomical and impractical, as the land on which the church stands is inadequate and adjacent land is unavailable. Christ Church has therefore erected a new church complex in Exeter and has agreed to sell the present church building and land to Exeter Academy whose land surrounds it on three sides. The sum of $29,800 to be paid to the church for the property would be applied to cost of land and construction of the new church facilities.

The archives of the Protestant Episcopal Church in New Hampshire have been searched and there is no record of any legal entity known as the "Missionary Fund of the Episcopal Diocese of New Hampshire" and the plaintiffs' information and belief are that there is not now and never has been such an entity. The plaintiff Trustees of the Protestant Episcopal Church in New Hampshire were incorporated by Laws of 1846, *c.* 441.

The following questions were transferred by the Trial Court without ruling:

"1. By the deed of William O. Smith and Clarissa T. Smith was a charitable trust created?

"2. Did said deed setting forth the purpose of such conveyance convey title in trust to the grantees free from any reversionary interest in the grantors or their heirs, if Christ Church should continue to exist but discontinue using the premises for the stated purpose?

"3. By naming a non-existent fund of the Episcopal Church as grantee of a contingent interest did the grantors create a contingent interest in the actual governing body of the Episcopal

Church in New Hampshire, i.e., The Trustees of the Protestant Episcopal Church in New Hampshire?

"4. If a valid charitable trust was created in Christ Church, Exeter, subject to the condition of its continued existence, may it have authority to deviate from the terms of the trust and sell the premises and devote the proceeds to paying a part of the cost of the construction of the new house of worship of Christ Church?"

The deed indicates a general intention to devote the land to the religious purposes of Christ Church and the "Missionary Fund of the Episcopal Diocese of New Hampshire," and contained no reverter clause. The language used indicates an intention to create a charitable trust with no rights retained by the grantors but a contingent grant to the "Missionary Fund" if the original grantee ceased to exist. Clearly a charitable trust was created by this deed. *Ashuelot National Bank* v. *Keene,* 74 N. H. 148; *Keene* v. *Eastman,* 75 N. H. 191; *State* v. *Corporation,* 89 N. H. 538. The absence of a reverter or forfeiture clause prevents any reversionary interest in the grantors or their heirs for the failure to use the premises for the stated purpose ( *Borchers* v. *Taylor,* 83 N. H. 564 ) and is to be distinguished from cases where a reverter clause was contained in the deed. *Lyford* v. *Laconia,* 75 N. H. 220; *State* v. *Corporation, supra.* The answers to questions 1 and 2 are therefore in the affirmative.

Question number 3 relates to the identification of the contingent grantee. The answer to this question relates to a contingency which may never occur and we consider that present identification of the contingent grantee and the trust upon which the contingent grantee might hold is neither required nor desirable. The facts alleged and the question both indicate that identification is in part dependent upon continuation of existing conditions and would require us to forecast conditions which might exist if Christ Church ceased to exist. This court has consistently refused to advise testamentary trustees concerning contingencies which may never occur and there seems to be no occasion to do so here. *Cadbury* v. *Parrish,* 89 N. H. 464, 469; *Gale* v. *Gale,* 85 N. H. 358, 361.

The facts alleged in the petition indicate that the purposes of the trust may not be carried out without authority to deviate from the terms of the trust in the manner requested. RSA 498:4, relied

upon by the plaintiffs, by its language and application has generally been applied to deviations in the administration of trusts rather than an application of the cy pres doctrine (*Indian Head Nat. Bank* v. *Rawls,* 105 N. H. 142; *Citizens' Nat. Bank* v. *Morgan,* 94 N. H. 284 ), and the statute is more limited than the general equitable power of the Superior Court in trust matters. *Jacobs* v. *Bean,* 99 N. H. 239.

The Superior Court has ample power to grant the petition and the answer to question number 4 is in the affirmative. *Pittsfield Academy* v. *Attorney General,* 95 N. H. 51; *Drury* v. *Sleeper,* 84 N. H. 98; *Opinion of the Justices,* 101 N. H. 531.

*Remanded.*

All concurred.