Sullivan
No..6622

*IN RE* JAMES M. LYKES III ESTATE

May 31, 1973

*Arthur Olson, Jr.,* trustee, filed no brief.

Kenison, C.J. Certification of question of law by the Superior Court (*Loughlin,* J.) without ruling on a request for instructions by the trustee under the will of James McKay Lykes III. The trustee seeks instructions on the identification of and apportionment among the beneficiaries of certain testamentary trusts established under the will. Paragraph 2.3 of the will establishes a trust for the benefit of testator's wife, Pamela C. (Lykes) Potter, and paragraph 2.4 establishes trusts for the benefit of both Pamela and the testator's two children, Cathryn E. (Lykes) Potter and James M. (Lykes IV) Potter. Approximately one-half of testator's estate, the maximum amount allowable for the federal estate tax marital deduction, is left in trust to Pamela in paragraph 2.3. She is entitled during her life to all of the income from that trust, and the trustee is authorized to invade the corpus for her health, welfare, comfort and the maintenance of her accustomed standard of living, with certain restrictions. She is also given an inter vivos power of appointment, in favor of testator's children and grandchildren, and a general testamentary power of appointment over the remainder of the trust.

Paragraph 2.4 establishes two "separate and distinct" trusts "for the benefit of my wife . . . and the respective child . . . for whom it is created . . . ." Subtitle (A) of paragraph 2.4 provides that Pamela shall be paid such amounts from the income of the paragraph 2.4 trusts "as in the sole, reasonable discretion of such Trustee, are necessary to enable my wife

to maintain the standard of living to which she shall have been accustomed during my lifetime." In the event that the income and corpus of her paragraph 2.3 trust become exhausted, the trustee is authorized to invade the corpus of the paragraph 2.4 trusts to maintain her standard of living to the extent that the income is insufficient for that purpose. Subtitle (B) of paragraph 2.4 then provides that the trustee shall pay or apply for the benefit of the testator's children such amounts of the income and, if insufficient, principal of the paragraph 2.4 trusts as in the trustee's "sole, reasonable discretion" are necessary for their health, support, education and maintenance. Subtitle (C) provides for the distribution of the paragraph 2.4 trust estates upon the death of a child or upon the attainment of certain ages by a son. In determining the proper amounts to pay from the paragraph 2.4 trusts, the trustee is directed to consider the ability of the children to support themselves and any other known resources or sources of income of the wife and of the children, including the funds of any person legally obligated to provide for their support.

The testator provided in paragraph 3.10 (G) that the trusts shall be construed according to the laws of Texas. This is a valid provision which must be respected by this court. 5 Scott, Laws of Trusts §§ 574-75 (3d ed. 1967); Restatement (Second) of Conflict of Laws § 268 (1) (1971).

In his petition for instructions, the trustee states that he is "in doubt as to the intent of the Testator under Paragraph 2.4 of said will as to the beneficiary of the income and the principal of the [paragraph 2.4] trust[s]," and requests the court to instruct him "as to which of the . . . Petitionees shall be the beneficiary of the income and such other rights" under the will. It should be noted initially that paragraph 2.4 of the will is explicit in identifying the beneficiaries of each of the separate paragraph 2.4 trusts, to wit, the testator's wife and children. The only question of interpretation apparent on the face of paragraph 2.4 consistent with the general question posed by the trustee involves the apportionment of paragraph 2.4 trust income and principal among the wife and children. As between the children themselves, the will provides a formula for maintaining equality of apportion-

ment between the two trusts of the burden of payments made to or for the wife.

The nature and extent of the interest given to trust beneficiaries is to be determined by an ascertainment of the settlor's intention as revealed by the provisions and scheme of the entire trust. *Parrish v. Mills,* 101 Tex. 276, 106 S.W. 882 (1908); *Van Hoose v. Moore,* 441 S.W.2d 597 (Texas Civ. App. 1969); *Indian Head Nat'l Bank v. Rawls,* 105 N.H. 142, 194 A.2d 767 (1963); Bogert, Trusts and Trustees § 182, at 181 (2d ed. 1965). It appears clear in this case that the testator intended to provide for his wife's support so far as possible from the paragraph 2.3 trust, to provide for his children's support entirely from the paragraph 2.4 trusts, and to supplement as necessary the wife's support from the paragraph 2.4 trusts. If the wife's needs can be entirely satisfied from the income of the paragraph 2.3 trust, there is no question of interpretation, and any surplus income from the paragraph 2.4 trusts not required to meet the children's needs should be accumulated for future use. *Penix v. First Nat'l Bank,* 260 S.W.2d 63 (Texas Civ. App. 1953); *Demeritt v. Young,* 72 N.H. 202, 55 A. 1047 (1903); Ward, *The Texas Trust Act: Discretionary Power of a Trustee,* 40 Texas L. Rev. 356, 365 (1962). If the wife's support cannot be maintained with the paragraph 2.3 trust income alone, the specific language and general scheme of both pertinent clauses indicate that the wife should receive paragraph 2.4 trust income to the extent needed by her and not needed by the children.

The needs of the children, however, should be entirely satisfied from the paragraph 2.4 trust income prior to paying any of that income to the wife. This follows from the provision in paragraph 2.4 (A) that the wife should exhaust the paragraph 2.3 trust estate in its entirety prior to invading the principal of the paragraph 2.4 trusts. There is no logical reason for differentiating between a direct invasion of principal by the wife in the paragraph 2.4 trusts and an indirect invasion through her consumption of income needed by the children which forces them to invade the corpus themselves. *Gray v. Bush,* 430 S.W.2d 258 (Texas Civ. App. 1968). *See generally* Halbach, *Problems of Discretion in Discretionary Trusts,* 61 Colum. L. Rev. 1425 (1961).

The only remaining question of interpretation involves the apportionment of income and principal between the wife and the children once the paragraph 2.3 trust estate has been completely exhausted. This task is properly one for the "sole, reasonable discretion" of the trustee. *See Ellison v. Ellison,* 164 S.W.2d 775 (Texas Civ. App. 1942). The testator vested him with this discretion in the administration of the individual trusts, and it follows logically that the question of apportionment must also be left to him alone, subject to his various fiduciary responsibilities including his duty of impartiality among the beneficiaries. *Zimmermann v. Brennan,* 56 Wis. 2d 623, 202 N.W.2d 923 (1973); *United States v. Powell,* 307 F.2d 821 (10th Cir. 1962); 2 Scott, Law of Trusts § 183 (3d ed. 1967); Restatement (Second) of Trusts § 183 (1959). *See generally* Ward, *The Texas Trust Act: Discretionary Power of a Trustee,* 40 Texas L. Rev. 356, 363-67 (1962). This court will not give advice establishing maximum and minimum limits within which the trustee's discretion shall be exercised in the future. *Orr v. Moses,* 94 N.H. 309, 52 A.2d 128 (1947); Restatement (Second) of Trusts § 259, comment *d* (1959). Nor will we substitute our judgment or discretion for his. *Katz v. Katz,* 104 N.H. 478, 190 A.2d 425 (1963); *Morse v. Trentini,* 100 N.H. 153, 121 A.2d 563 (1956); 3 Scott, Law of Trusts § 187, at 1501 (3d ed. 1967). "This court has consistently refused to advise testamentary trustees concerning contingencies which may never occur and there seems to be no occasion to do so here." *Trustees of Protestant Episcopal Church v. Danais,* 108 N.H. 344, 346, 235 A.2d 516, 518 (1967). "If specific questions of doubt or of conflicting claims should arise later where advice of the court is necessary for the protection of the trustee application may then be made therefor and further instruction will be given."*Amoskeag Trust Co. v. Wentworth,* 99 N.H. 346, 348, 111 A.2d 198, 200 (1955); *see* Bogert, Trusts and Trustees § 560, at 104-05 (2d ed. 1960).

*Remanded.*

All concurred.