Rockingham
No. 7666

LINDA R. AMES

v.

FREDERICK L. AMES

June 27, 1977

*Harold E. Ekstrom,* of Concord, by brief and orally, for the plaintiff.

*Fisher & Randlett,* of Seabrook (*Mr. Arthur C. Randlett* orally), for the defendant.

DOUGLAS, J. This is a divorce action in which the husband claims the alimony award granted to the wife by the master was

excessive and unjust. Upon review of the record, we find no evidence of abuse of discretion by the master, and accordingly we decline to set aside his order.

Linda Ames filed a libel for divorce against her husband, Frederick Ames, on the grounds of irreconcilable differences, on February 17, 1976. The parties had been married for fourteen years and had one child, a daughter, age thirteen. The case was heard before Marital Master Henry P. Sullivan, Esq., who made certain findings and rulings as to child custody, property division and support. The master's recommendations were approved by the Trial Court (*Bois*, J.), and an order was entered in accordance therewith.

■ The husband takes exception herein to the master's award of alimony, which requires him to pay $100 weekly for his wife's support until such time as she secures employment after graduation from New Hampshire Technical Institute where she is presently enrolled in the dental hygienist program. Mr. Ames recognizes that the determination as to the amount of alimony to be awarded a spouse is largely within the trial court's discretion. *Ford v. Ford*, 112 N.H. 270, 293 A.2d 605 (1972); *Madsen v. Madsen*, 109 N.H. 457, 255 A.2d 604 (1969). He argues, however, that under the facts of this case, the master's award amounts to an abuse of that discretion.

■■ In setting alimony the court could properly have considered as relevant factors the income of the husband and the assets of the parties, the length of time they were married, the contributions of the wife as homemaker and mother, and the present needs of the wife and her ability to meet them. *Comer v. Comer*, 110 N.H. 505, 272 A.2d 586 (1970). At the time of the divorce, Mr. Ames was earning $18,000 per annum, a salary level he attained gradually over the fourteen-year period of the parties' marriage. During that time he was assisted by Mrs. Ames' contributions as homemaker and mother. Mrs. Ames delayed her own entry into the job market while performing these duties, but in 1970 she enrolled in the New Hampshire Technical Institute two-year dental hygienist program. Because of a change in her husband's employment situation which required the family to move, she was unable to finish at that time. She again enrolled in the fall of 1975, and will complete her studies this month. She will then be in a position to seek employment and become self-sufficient.

556

The alimony award of $100 weekly requires her husband to contribute something over one-half of her support for the limited period of roughly one year during which she trains herself to become self-supporting. These factors, considered with her husband's income, lead us to find that the alimony award is supported by the evidence and within the court's discretion. Nor do we consider the division of the marital property, represented by the wife to be an approximately even split and by the husband to be somewhat less equal, to affect this conclusion.

Mr. Ames' argument that his former wife might decide not to seek employment after her graduation and thus allow the alimony payments to continue indefinitely is not appropriately raised in this case. If, after Mrs. Ames' graduation, events bear out the husband's fears, the order will be open to reconsideration by the superior court at that time. *Comer v. Comer supra.*

*Exceptions overruled.*

BOIS, J., did not sit; the others concurred.