Rockingham
No. 78-162

NORMAN L. GRANDMAISON

v.

MARY A. GRANDMAISON

May 9, 1979

*Tetler & Holmes,* of Hampton (*Edward R. Woiccak* orally), for the plaintiff.

*Shaines, Madrigan & McEachern,* of Portsmouth (*Robert A. Shaines* orally), for the defendant.

BROCK, J.   The question before us in this marital case is whether the trial court abused its discretion in making a division of the parties' property and an alimony award.

The parties married in 1956, and have one child, who at the time of the final hearing was emancipated and a full-time college student. During their twenty-year marriage, the parties acquired substantial assets. In September 1975, the plaintiff, Norman Grandmaison, filed a petition for legal separation, which by agreement in April 1977 was amended to a libel for divorce. They were unable to agree upon either a property settlement or the amount of alimony to which defendant was entitled. The dispute was submitted to a Master (*Henry P. Sullivan,* Esq.) who, after a four-day hearing, issued his report recommending that a divorce be decreed, that a property division be made, and that defendant be awarded $300 per week alimony. The master's report was approved by the Court (*Mullavey,* J.). The defendant excepted,

alleging that the master abused his discretion by failing to award higher alimony, by failing to divide the parties' property equally, and by failing to find as a fact that plaintiff owned a one-sixth equitable interest in the Hampton Beach Casino, Inc. Because we find that the master properly applied the law and that his findings of fact are supported by the record, we hold that there was no abuse of discretion, and overrule the defendant's exceptions.

The parties' joint assets consist principally of a home in Hampton, its furnishings and two automobiles. In addition, the plaintiff individually owns a one-half interest in the Ashworth Hotel, Inc., a resort restaurant-hotel located at Hampton Beach. This property has been the primary source of family income.

After hearing conflicting testimony concerning the value of these assets, the master recommended that the defendant be awarded $300 per week alimony; title to the home, valued at approximately $105,-000, but subject to a $47,000 mortgage; $50,000 cash, to be paid in five equal annual installments; and one of the automobiles. The plaintiff was also required to maintain a $50,000 life insurance policy with the defendant as beneficiary. The plaintiff was awarded the second automobile, and retained his one-half interest in the Ashworth Hotel, the net value of which was found to be in excess of $400,000. The plaintiff was made responsible for the parties' approximately $40,000 in outstanding debts, and he voluntarily assumed responsibility for his daughter's educational costs, amounting at the time to $9,000 per year.

The trial court's alimony and property division determinations will not be set aside unless the defendant can show a clear abuse of discretion. *Azzi v. Azzi*, 118 N.H. 653, 655, 392 A.2d 148, 149 (1978).

In the present case, the defendant asserts that the amount of alimony awarded is inadequate because it fails to make express provision for future medical expenses. Review of the trial transcript, however, indicates that evidence concerning defendant's future medical requirements was before the master, who specifically found that the defendant would continue to require medical care for the foreseeable future. In light of the foregoing, we must presume that the defendant's future needs were considered in determining the amount of alimony to be awarded her.

The defendant further contends that the fact that the master awarded less alimony than the plaintiff had offered before trial in a proposed decree compels a finding that the master abused his discretion. With limited exceptions, "[e]vidence of offers or efforts to com-

promise litigation are not admissible on the issue of liability or damages." *Gagne v. New Haven Road Constr. Co.*, 87 N.H. 163, 167–68, 175 A. 818, 820 (1934). Even if the offer was admissible, it was relevant only to the plaintiff's willingness and ability to pay, one factor among the many to be weighed by the master in arriving at his final recommendation. *See Ames v. Ames*, 117 N.H. 554, 555, 374 A.2d 1181 (1977). The full offer, including property settlement as well as alimony, is not included in the record before us and therefore is not amenable to review. *See Adams v. Adams*, 117 N.H. 43, 369 A.2d 196 (1977). The fact that the master's recommendation did not conform in all respects to an offer made by one of the parties during prolonged litigation does not constitute an abuse of discretion.

In determining an appropriate division of property, the master had no obligation to divide the property equally; his "task was to view the parties' real and personal property as a whole and propose an equitable distribution." *Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978). In this case the only substantial asset other than the marital home was the husband's interest in the Ashworth Hotel, a closely held business. The hotel was purchased by the plaintiff and his brother prior to the plaintiff's marriage, and the defendant did not contribute either assets or substantial labor to its development. *See Heath v. Seymour*, 110 N.H. 425, 433, 270 A.2d 602, 608 (1970). Any division of the husband's holdings could have an adverse impact on the management of his business, as well as impairing his future earning capacity. The master's refusal to require such a division was warranted. The defendant received the marital home, a cash amount that would more than cover the outstanding mortgage, and relief from substantial accumulated debts. Taken as a whole, the distribution of property was not so inequitable as to require reversal.

Defendant further argues that the master erred in refusing to find that the husband owns an additional asset in the form of a one-sixth equitable interest in the Hampton Beach Casino, Inc. The master's finding was adequately supported by testimony showing that, while the plaintiff's brother had orally agreed to sell him an interest in the casino, their agreement was not binding and the plaintiff had not tendered the purchase price.

Finally, the defendant complains that she is entitled to attorney's fees. Such an award is discretionary with the trial court. "In this state . . . the wife cannot demand a shifting galaxy of legal talent at her husband's expense." *Calderwood v. Calderwood*, 114 N.H. 651, 655, 327 A.2d 704, 707 (1974) (citation omitted). Here the defendant

employed three different attorneys at various times in the case, and the plaintiff had already paid more than $2,200 towards her legal expenses. No further award was required.

*Exceptions overruled.*

All concurred.