Merrimack
No. 79-079

BERTHA J. MAYO

v.

WALTER T. MAYO

August 20, 1979

*Frederic T. Greenhalge*, of Concord, by brief and orally, for the plaintiff.

*Stanley, Tardif & Shapiro*, of Concord (*David E. Tardif* orally), for the defendant.

BOIS, J.    The principal issue in this divorce case is whether the trial court abused its discretion by awarding the amount of alimony and child support payments that it did. The defendant concedes that a reallocation of the marital assets would be meaningless because the debts of the parties are so great.

The parties married in 1972 and have three minor children. The defendant successfully operated a roofing business for eighteen years prior to mid-1977. Income tax returns reveal earnings of $59,774 in 1975, $50,132 in 1976, and $40,966 in 1977. Mr. Mayo, after many years in the roofing business, decided to try something new. In June 1977, he began an insulation business. The new venture, although briefly successful, soon became unprofitable.

In September 1978, at the time of a hearing before a Master (*Peter J. Bourque*, Esq.), the defendant's roofing and insulation businesses

were still in existence, but both were insolvent. Mayo Roofing was inactive and the defendant did not wish to recommence that enterprise because his insulation business was "a going concern hopefully and we have employees and we have obligations that . . . far outweigh any obligations of Mayo Roofing and I feel that there is no way at the present time I could activate Mayo Roofing, to get the financial backing in order to activate it." Defendant's total net earnings for the year 1978 were slightly in excess of $3,000, and his principal personal assets consisted of three tracts of real estate. The record clearly demonstrates that the court, the attorneys, and the parties themselves were fully aware of the defendant's financial difficulties at the time of the hearing.

The defendant requested that the court base its support ruling on present income rather than upon a speculated estimate of future income. In denying the request, the master found that "although the court cannot speculate upon his income in the future, it can consider his prior income and earning potential." The master ordered payment of $235 per week for support and alimony, and *Souter*, J., transferred the defendant's exception to this court. The defendant concedes that the court may consider prior income and earning potential in setting an award, but claims that because of his existing financial condition, the court order was arbitrary, unjust and unreasonable, and constituted an abuse of discretion.

■■ "It is fundamental in such cases that the court has broad discretion and that its decision will not be set aside unless 'the evidence demonstrates clearly an abuse' of such discretion." *Mangin v. Mangin*, 115 N.H. 489, 490, 343 A.2d 636, 636–37 (1975) (citations omitted). "While the present income or earning capacity of a spouse may not always be the only factor or determinative consideration, . . . there must be evidence in the record or a finding of fact on this matter to support a decree awarding support." *Economides v. Economides*, 116 N.H. 191, 194, 357 A.2d 871, 873 (1976). " 'A decree for alimony [or child support] is never passed [sic] unless an ability to make the payment is shown. Such is the rule in this State; and the evidence in regard to the income and property of the party against whom the decree is sought, should be as clear and satisfactory as the circumstances will permit.' " *Kennard v. Kennard*, 87 N.H. 320, 328, 179 A. 414, 420 (1935), *quoting Sheafe v. Sheafe*, 36 N.H. 155, 157 (1858).

A careful reading of the transcript, coupled with a close examination of the exhibits and a review of the marital affidavits, reveals several factors in support of the master's decree.

The plaintiff must care for three young children. She has no particular employable skills. At the time of trial she had just begun selling real estate and her potential for producing income was uncertain. The evidence concerning the net value of the real estate was substantial. That evidence alone is sufficient to support the alimony and support decree.

At oral argument, defendant's counsel stated that his client is liable for substantial debts incurred by his corporations. The record discloses, however, that this evidence was not before the trier of fact in a clear and unequivocal manner at the hearing. In fact, one hotly contested claim against the defendant was not resolved adversely to him until after the marital hearing.

The transcript reflects the commendable attitude of the defendant toward his dependents' support, as well as his optimism about his business ability and income potential. He said he had no liquid assets for a cash settlement to make the plaintiff secure, but testified that, "I certainly hope to have the earning capacity to be able to and I will be able to afford a lifestyle for my children that was good and I'll do everything possible to do that."

In September 1978, the insulation business was growing. The business records support defendant's testimony that his business at that time was "very productive." He hoped that the company would prosper, although he did not believe that it would to the extent "where I'm making fifty thousand dollars again this year."

In the present case, a review of the record does not show that the master abused his discretion by awarding the amount that he did. *Grandmaison v. Grandmaison*, 119 N.H. 268, 401 A.2d 1057 (1979). The parties now have the experience of one year under the order, and therefore we remand the case for reconsideration in light of that experience. Any remedy that is available is in the superior court, not here.

*Remanded.*

GRIMES, J., did not sit; the others concurred.