Cheshire
No. 79-242

### DARRELLE J. ALTHER

v.

### EVERETT P. ALTHER, JR.

May 12, 1980

*Bragdon, Berkson & Mangones*, of Keene (*H. Neil Berkson* orally), for the plaintiff.

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Hanna* orally), for the defendant.

PER CURIAM. The issue in this divorce case is whether the trial court abused its discretion in awarding a lump sum of $12,000 and $120 per week in child support to the plaintiff. We find no error.

The parties were married in 1970. They have two children, who were eight and five years old at the time of the hearing. Plaintiff is a nurse and social worker and has been the main support of the family. Defendant has been in the contracting business but, although he has had enough work, he has never earned more than a small net income from the business.

The parties owned a home subject to three mortgages, the last in the amount of $20,000 having been added to pay defendant's debts. There is no equity in the property. The parties have lived apart since January 1979, and for seven months the defendant paid plaintiff $120 per week for support. Plaintiff sought and was decreed a divorce on the ground of irreconcilable differences. She was awarded custody of the children, $12,000 with interest at 10 percent, to be paid in thirty-six months, and $120 per week support for the children by *Contas*, J., on the recommendation of a Master (*Linda Stewart Dalianis*, Esq.). Defendant appeals from that decree.

Defendant testified that he was a member of the city of Keene Conservation Commission and Planning Board, president of Southwestern New Hampshire Home Builders Association, and president of the State Home Builders Association and that he had a good reputation in the trade and his work is in demand. He also testified he had three job possibilities with yearly income ranging from $15,000 to $35,000 plus commissions. He is an unskilled carpenter and a licensed electrician.

Defendant argues that his income has never been sufficient to pay the sums ordered by the court and that the order was an abuse of discretion. He claims that the $12,000 award was intended to restore to plaintiff part of her estate pursuant to RSA 458:19 and that, because there was no such estate, it was error to do so. However, RSA 458:19 also authorizes the court to order the husband "to pay such sum of money, as may be deemed just." This is sufficient authority for the order. *See Grandmaison v.*

*Grandmaison*, 119 N.H. 268, 401 A.2d 1057 (1979); *Hamblett v. Lewis*, 114 N.H. 258, 319 A.2d 629 (1974).

■■  The fact that defendant's present income is not sufficient to permit him to meet the payments on the $12,000 award or the $120 per week support payments does not make the order an abuse of discretion. *Mayo v. Mayo*, 119 N.H. 697, 406 A.2d 719 (1979). The master was entitled to find on the evidence that defendant has the ability to earn sufficient money to meet the payments and that he should do so. *Symmes v. Symmes*, 118 N.H. 488, 387 A.2d 1181 (1978).

*Appeal dismissed.*

DOUGLAS, J., did not sit.