Carroll
No. 80-241

BERNADINE L. HANSON

v.

ROBERT E. HANSON

August 10, 1981

*Stuart Dedopoulos*, of Dover, waived brief and oral argument for the plaintiff.

*John J. Wholey*, of Portsmouth (*Bernard W. Pelech* on the brief and *Mr. Wholey* orally), for the defendant.

DOUGLAS, J. In this marital case we find that the trial court abused its discretion in awarding the jointly-owned home to the plaintiff wife.

On April 4, 1980, after a hearing on the merits, the Marital Master (*Bernard I. Snierson*, Esq.) recommended that the court enter a decree of divorce of the parties on the grounds of irreconcilable differences. RSA 458:7-a (Supp. 1979). The master further recommended that the plaintiff wife receive custody of the parties' eighteen-year-old son, that the defendant receive custody of the parties' two minor daughters, and that the defendant pay to the

plaintiff $75 per week for the support of the "minor" son. Additionally, the master recommended that the court award the family home and furnishings to the plaintiff and order that the defendant make payments on the plaintiff's car and fuel bills. The Superior Court (*Wyman*, J.) approved the master's recommendations. The defendant filed a motion for rehearing, which the court denied. The defendant appealed to this court, alleging that the trial court's decree with respect to the property and child support awards constituted a clear abuse of discretion; he did not challenge the custody awards. The plaintiff waived the submission of a brief and oral argument.

■ It is well established that this court will not set aside a marital master's determination in the absence of a showing of an abuse of discretion. *Goudreault v. Goudreault*, 120 N.H. 140, 140, 412 A.2d 736, 736 (1980); *Starkeson v. Starkeson*, 119 N.H. 78, 80–81, 397 A.2d 1043, 1045 (1979). In this case, we find such an abuse in the master's property award.

The only real asset of the parties, as with most couples, is their home. The house is a ranch-style house about twenty years old. The parties paid $32,500 for the home by signing a mortgage note of $30,000; the down payment, closing and other costs came from the parties' savings bonds. It is not clear what the original contribution of each party was, but the mortgage payments of $195 per month plus taxes came out of money earned by the defendant. Though the parties do not agree, the defendant asserts the equity in the real estate is about $15,000. The other property of the parties, including two cars, a small coin collection, and tools, are in an economic sense of no consequence.

■■ Under RSA 458:19 marital property is to be divided not by some magic formula but as the judge or master deems "just." A master is not obliged to divide property equally, but must apportion the estate according to the equities of the circumstances. *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979); *Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978); *see Comer v. Comer*, 110 N.H. 505, 508, 272 A.2d 586, 587–88 (1970). The disparity of contribution to the marital treasury is an especially valid consideration when dividing *the* asset of the parties. *See Comer v. Comer*, *supra* at 508, 272 A.2d at 587–88. The last joint income tax return of the parties filed in 1979 shows that the defendant earned total wages of $21,433 while the plaintiff had a business income of $4,856.

■ Largely through the defendant's labor, the parties modern-

ized the house and added two new bedrooms. The home represents a sizable asset, and the equities of the case do not warrant its exclusive award to the plaintiff. *See Twardosky v. Twardosky*, 113 N.H. 438, 439, 309 A.2d 217 (1973); *Comer v. Comer, supra* at 508, 272 A.2d at 587–88. The plaintiff, who had always pursued a career and is capable of supporting herself, received custody of a child over the age of majority who now lives away from home while pursuing his education, while the defendant was given custody of the two minor children but was required to live in a male friend's trailer because he did not earn enough to rent an apartment.

On these facts, the master's award constituted an abuse of discretion. The decree is vacated, and on remand the master is directed to hold a hearing to determine if the home should be sold immediately or whether, in view of current market conditions and other equities of the parties, the defendant and his daughters should reside in the home during the minority of the children, with the home to be sold or refinanced at the end of that time, apportioning such equity to the plaintiff as is deemed reasonable and just; or to make such other determination as may be fair and equitable.

Because the earnings of the parties may have changed in the year-and-a-half since the trial court determined the support award, we also remand that issue for a redetermination of what the defendant should reasonably pay.

*Reversed and remanded.*

BATCHELDER, J., did not sit; the others concurred.