Merrimack
No. 81-086

## CHARLES D. PARKER

v.

## NANCY M. PARKER

July 14, 1982

*McSwiney, Jones & Semple,* of Concord (*Ronna F. Wise* on the brief and orally), for the plaintiff.

*Shaw & Woods, P.A.,* of Exeter (*Robert Shaw* on the brief and orally), for the defendant.

PER CURIAM. The issue in this divorce case is whether the trial court abused its discretion in making its alimony and child support award, division of the parties' property, and in denying the defendant's motion for temporary support. We affirm.

The parties were married in 1966. They have two children, who were ten and twelve years old at the time of the divorce decree. The plaintiff, an electrician, had been the parties' main source of support during the fourteen years of their marriage. At the time of the divorce hearing, his monthly net income was approximately $1,780, barring decreases due to sickness, unemployment between jobs, and vacation time.

The defendant has a college degree and is certified as an elementary school teacher. Prior to the birth of their children, she taught in an elementary school. While the children were young she worked part-time as a kindergarten aide. After the parties separated, she attempted to obtain a full-time position as a teacher, but was unsuccessful. She then accepted a position as a teacher's aid at an hourly rate of $3.65.

The joint assets of the parties consisted principally of their home in North Hampton, New Hampshire, its furnishings, and two automobiles. The fair market value of the house was approximately $60,000 at the time of the divorce decree, subject to a mortgage of $9,500. The furnishings were valued at $4,000. Some evidence was elicited on cross-examination of the husband that he held a bank account jointly with his grandmother, and that the parties paid taxes on the income during their marriage. The husband, however, testified that all the money in the account belonged to his grandmother and that he had no present rights in the account.

The parties were separated for a year before their divorce. During that time, the plaintiff voluntarily paid all of his wife's expenses. After the divorce decree was entered, and pending this appeal, the plaintiff started paying alimony and child support in accordance with the decree.

In September 1979, the plaintiff filed a libel for divorce, alleging irreconcilable differences. RSA 458:7-a (Supp. 1979). The defendant filed a cross-libel. After a hearing, the Master (*Roger R. Burlingame*, Esq.) recommended: that a divorce be granted to the plaintiff; that custody of the children be awarded to the defendant; that the plaintiff pay $40 per week child support and $100 per week alimony to the defendant; that the defendant be awarded sole title to the family home, all the appliances and furniture remaining in the house, and one of the parties' automobiles, subject to existing financing. The plaintiff was awarded the second automobile, his tools and a $25,000 note to be given by the defendant, with interest at the rate of ten percent per year secured by a second mortgage on the house. The note provided that no payments would be due for five years, at which time all unpaid sums would be due and payable. In addition to his support obligations, the plaintiff was ordered to keep the children on his union medical plan. The Superior Court (*Souter*, J.) approved the master's recommendations.

The defendant excepted and appealed to this court, alleging that the master abused his discretion in (1) failing to consider all the plaintiff's assets when he calculated the alimony, support, and property division awards; (2) awarding less alimony and child support than the plaintiff voluntarily paid before the divorce; (3) failing to award sufficient alimony and support to cover the defendant's necessary expenses; (4) failing to consider the tax consequences of the award; (5) not conveying the parties' house free and clear to the defendant, thus depriving her and the children of a home; and finally, (6) denying the defendant a temporary order of support pending review of the superior court's order.

■ It is well settled that we will not set aside a master's determinations absent a showing of abuse of discretion. *Hanson v. Hanson*, 121 N.H. 719, 720, 433 A.2d 1310, 1311 (1980); *Goudreault v. Goudreault*, 120 N.H. 140, 140, 412 A.2d 736, 736 (1981).

■ The master's findings of fact, if supported by the evidence, will be upheld by this court, and "such conflicts as might be found in the testimony, questions about the credibility of witnesses, and the weight to be given to testimony are for the master to resolve." *Ballou v. Ballou*, 118 N.H. 463, 465–66, 387 A.2d 1169, 1170 (1978).

■ The record reveals that both parties presented evidence on every aspect of their assets, needs, and abilities and submitted support affidavits for the master's consideration. While the defendant disputed the plaintiff's testimony concerning his earning capacity and assets, the master apparently found the plaintiff's testimony more credible. Because the master's allocation and disposition of the parties' assets depended upon the credibility of witnesses and the weight he gave to the testimony before him, we will defer to his judgment. *See 93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 350, 415 A.2d 671, 674 (1980); *Ballou v. Ballou*, 118 N.H. at 466, 387 A.2d at 1170.

■ The defendant contends that the master abused his discretion in awarding less alimony and child support than the plaintiff had paid voluntarily before the trial. This argument has no legal foundation. The present situation is analogous to the situation where a spouse offers to compromise before the divorce decree is entered. "The fact that the master's recommendation did not conform in all respects to an offer made by one of the parties during prolonged litigation does not constitute an abuse of discretion." *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979).

■ The fact that the defendant is not able to meet her expenses with her present income, as supplemented by the award of alimony and child support, does not necessarily mean that the master abused his discretion in making the award. *See Alther v. Alther*, 120 N.H. 354, 356, 415 A.2d 325, 326 (1980). The master could reasonably have found, based on the evidence before him, that the defendant was in good health and had the ability and training to earn sufficient money to contribute to the provision of her own and her children's needs. *Id.*, 415 A.2d at 326.

■ The defendant further argues that the master failed to consider the tax consequences of his decision in awarding the bulk of the support payments in the form of alimony, rather than in the

form of child support. *See Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978). The recipient of alimony, the defendant in this case, must report alimony as income and possibly pay federal income taxes on the amounts she receives, while the payor, the plaintiff in this case, is able to deduct those payments from his income as expenses. It appears that the master may have fashioned the award as he did in order to ease the plaintiff's burden of support and to leave him with enough resources to meet his personal expenses. The record simply does not support the defendant's argument that the master failed to consider the tax consequences of his award, and we find no merit to it.

 The defendant argues that the distribution of property made by the master was generally inequitable. RSA 458:19 provides that marital property must be divided as the court deems "just," according to the equities of the circumstances. *Grandmaison v. Grandmaison*, 119 N.H. at 271, 401 A.2d at 1059; *Hanson v. Hanson*, 121 N.H. at 720, 433 A.2d at 1311. We have reviewed the transcript of the proceedings in this matter and conclude that the master's distribution of property between the parties was not so inequitable as to require reversal. *See Grandmaison v. Grandmaison*, 119 N.H. at 271, 401 A.2d at 1059; *Azzi v. Azzi*, 118 N.H. at 656, 392 A.2d at 150.

██ ██ The defendant further complains that the master did not consider all of the plaintiff's assets and income when he divided the parties' property and calculated the support award. She contends that the master failed to consider the bank account, allegedly owned by the plaintiff and his grandmother, and the accrued interest earned by that account. It is undisputed that the court should consider all of the parties' assets and income in distributing property and ordering support. *Baker v. Baker*, 120 N.H. 645, 649, 421 A.2d 998, 1001 (1980). Review of the transcript, however, indicates that evidence concerning ownership of and rights to this account was before the master. We must presume that the master considered this evidence in distributing the parties' assets. *See Grandmaison v. Grandmaison*, 119 N.H. at 270, 401 A.2d at 1059.

 The defendant next argues that the master denied the defendant and her children a home by conditioning her continued ownership of the house on her payment to the plaintiff of $25,000 plus interest after five years. It is clear that the master did no such thing. The part of the decree which the defendant refers to effectively preserves the home for use of the mother and children for a period of five years by awarding her sole title to the property, provided that she recognizes the plaintiff's equity in the property by

executing a note and mortgage to him. Presumably, when five years have elapsed from the date of the decree, the defendant will have the option of either retaining ownership of the property, provided that she pays the plaintiff the balance due under the mortgage note, or of selling the property, thereby enabling both parties to liquidate their interests in the property in accordance with the master's decree of distribution. This provision of the decree is entirely reasonable, and we conclude that the master did not abuse his discretion by incorporating it in his decree.

 Finally, we conclude that the defendant's motion for a temporary support order was properly denied because the plaintiff was voluntarily paying the defendant alimony and child support during the pendency of this appeal.

*Affirmed.*