Merrimack
No. 82-428

SHIRLEY F. MARSH

v.

M. RAY MARSH

June 17, 1983

*Hall, Morse, Gallagher & Anderson,* of Concord (*Robert E. K. Morrill* on the brief and orally), for the plaintiff.

*Brackett L. Scheffy,* of Warner, by brief and orally, for the defendant.

BOIS, J.  In this appeal, the defendant, M. Ray Marsh, alleges error on the part of a Master (*Bruce F. DalPra*, Esq.) in considering evidence of fault in a divorce action brought under the "irreconcilable differences" statute, RSA 458:7-a (Supp. 1979). He also questions the distribution of property and the award of alimony to the plaintiff, Shirley F. Marsh. We affirm.

The plaintiff met the defendant physician when she became one of his patients. After a courtship of about three months, they were married in August 1980. Marital difficulties arose shortly thereafter and were compounded when the plaintiff suffered serious injuries in an automobile accident occurring on December 2, 1980. Some fourteen months after the wedding, the plaintiff filed a libel for divorce based on irreconcilable differences. No children were born of the marriage.

At the time of their marriage, both parties had each been married twice. The plaintiff's first marriage ended in a divorce, and the second was terminated upon the death of her second husband. The defendant's two previous marriages ended in divorce. The record discloses that the plaintiff has assets worth approximately $132,000 and yearly dividend and interest income in the sum of $11,000. She receives neither alimony nor child support from her first husband. The defendant admitted to having assets valued at $230,000 and an after tax net monthly income of $3,364. He testified that in lieu of paying $500 per month in alimony to his first wife, as was judicially decreed, he is instead, by agreement, making payments of $250 per month to each of two children born during the first marriage. By court decree, he pays alimony to the second wife in the sum of $700 per month and support for two children of that marriage in the amount of $300 per month each.

After a hearing, the master recommended and the Superior Court (*DiClerico*, J.) decreed that a divorce be granted to the plaintiff wife, that the defendant pay to the plaintiff, as a property settlement, the sum of $12,000 in three annual installments of $4,000 each, and that he pay alimony in the sum of $600 per month for

twenty-four consecutive months unless extended by further order of the court. The master stated in his report that both parties had considerable assets, and that in making his recommendation he had considered the length of the marriage, the standard of living of the parties before and during the marriage, the assets which each party brought into the marriage, and any fault attributable to the parties. He specifically found that there was no fault as to the cause of the divorce.

The defendant's first assignment of error relates to the admission of fault testimony on the issue of alimony. The disputed testimony concerned such innocuous matters as the defendant's treatment of the plaintiff's pets, his behavior on the plaintiff's birthday, and the level at which he kept the temperature in their house. Although the defendant concedes that none of these allegations appeared serious, he argues that in light of what he considers to be a generous decree "it seems reasonable to conclude that th[e] [fault] testimony affected the size of the property settlement and alimony order." A review of the record reveals that the defendant agreed to the admission of the fault evidence at trial and did not take an exception when the evidence was introduced. As a consequence, we hold that he has failed to preserve the issue for appeal. *Rodrigue v. LaFlamme*, 122 N.H. 966, 969, 453 A.2d 1254, 1256 (1982); *Bouthiette v. Wiggin*, 122 N.H. 774, 777, 451 A.2d 368, 370 (1982).

The defendant also challenges the amount of the property settlement and alimony awarded to the plaintiff. The alimony statute provides that a court may assign to the wife such part of the estate of her husband, and order him to pay such sum of money, as may be deemed just. RSA 458:19 (Supp. 1981). When no children are involved, an alimony order shall be effective for a maximum of three years; however, it may be reviewed, modified or extended if justice requires. *Id.*

Although the statute does not provide criteria for awarding alimony, we have indicated that trial courts should consider the length of the marriage, the contributions of the parties during the marriage, the age, health, stations, occupations and employability of the parties, as well as the amount and sources of their income, their liabilities and needs, and their respective opportunities for acquisition of capital assets. *See, e.g., Rahn v. Rahn*, 123 N.H. 222, 225–26, 459 A.2d 268, 270 (1983); *Parker v. Parker*, 122 N.H. 658, 662–63, 448 A.2d 414, 416 (1982); *Ames v. Ames*, 117 N.H. 554, 555, 374 A.2d 1181, 1181 (1977). In appropriate cases, a trial court may award alimony for a limited period in order to enable a wife to establish

her own source of income. *See Calderwood v. Calderwood*, 114 N.H. 651, 653, 327 A.2d 704, 706 (1974). Notwithstanding the numerous considerations involved, trial courts have broad discretion in matters involving alimony and property distribution, and we will uphold their decisions unless there was an abuse of that discretion. *Lawlor v. Lawlor*, 123 N.H. 163, 166, 459 A.2d 238, 241 (1983); *Baker v. Baker*, 120 N.H. 645, 652, 421 A.2d 998, 1002 (1980).

█  The record before us in this case reveals that the plaintiff is fifty-seven years old and suffers serious physical problems as a result of the automobile accident in December 1980. She testified that she had previously worked as a secretary and dance instructor, but that her present physical disabilities would prevent her from working on a full-time basis in the future. Thus, it was clear that she would be unable to establish a regular source of income in the near future. In light of this fact, and the evidence that the defendant has valuable assets and steady and ample income as a physician, we cannot say that the master's award, although it may seem generous, was so excessive as to constitute an abuse of discretion.

*Affirmed.*

Douglas and Brock, JJ., dissented; the others concurred.