Rockingham
No. 82-580

ADELE G. RUSSMAN

v.

RICHARD L. RUSSMAN

March 2, 1984

594

*McSwiney, Jones & Semple,* of Concord (*Paul C. Semple* and *Elaine L. Clark* on the brief, and *Ms. Clark* orally), for the plaintiff.

*Brown & Randlett,* of Exeter (*G. Page Brown* on the brief and orally), for the defendant.

PER CURIAM. The plaintiff, Adele G. Russman, appeals from a decree awarding her support for herself and her children, asserting that the amount of the award is insufficient. We agree and remand for reconsideration in the light of this opinion.

The plaintiff filed for divorce in 1981, after nine years of marriage. After a hearing, the Master (*Gary R. Cassavechia,* Esq.) recommended that the divorce be granted. The master's recommendations as to the divorce, custody of the children, support award and property division were approved by the Superior Court (*Bean,* J.) on September 29, 1982.

The parties were awarded joint legal and joint physical custody of their two minor children, with the children alternating weeks with each party. The plaintiff was awarded $500 per month "for her support and the support of the parties' minor children."

The statute authorizing the award of alimony, RSA 458:19, provides that the court may "order [a party] to pay such sum of money, as may be deemed just. . . ." We have stated that "[i]t is essential that the amount of alimony awarded be sufficient to cover the wife's needs, within the limits of the husband's ability to pay." *Murphy v. Murphy,* 116 N.H. 672, 675, 366 A.2d 479, 482 (1976).

With respect to child support, RSA 458:17, I, provides that the court "may order a reasonable provision for their support and education." "In setting support, the court will balance the needs of the children against the supporting parent's ability to pay." C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 301 (1982); *see Fortuna v. Fortuna,* 103 N.H. 547, 549–50, 176 A.2d 708, 710 (1961).

The record before us indicates that during their marriage the

parties enjoyed a very comfortable standard of living. The defendant is an attorney. The plaintiff is a school teacher who, by mutual agreement, remained at home to care for the children, once the parties began their family. They acquired a home, several automobiles, and several parcels of real estate, including an office for the defendant's law practice with additional rental income, and were able to set aside funds in individual Keogh plans and IRA accounts.

The plaintiff's financial affidavit estimates her monthly expenses as approximately $2,150. After the parties separated, the plaintiff returned to work as a school teacher, and has a net income per month of approximately $636.

The defendant's support affidavit estimates his monthly expenses as approximately $2,700 and lists his average monthly net income as $2,515. His 1981 income tax return, however, reflected a net income per month of approximately $3,800. His 1980 income tax return reflected a net income per month of approximately $5,000.

The disparity in the amounts of their income is striking. The defendant's average net yearly income for 1980 and 1981 was approximately $53,400. The plaintiff, on the other hand, now has a net annual salary of approximately $7,600. Without considering the federal income tax consequences of the support award, the $500 monthly support payment increases the plaintiff's income to approximately $13,600 per year. Even when the plaintiff's salary is supplemented with this award, she has a shortfall of more than $1,000 per month when her income is compared with her claimed expenses. Moreover, the parties share physical custody of the children on an equal basis, with each parent having the children one-half of the time. The record indicates, however, that the defendant considers expenses for the children's clothing, school lunches, and kindergarten tuition of $1,300 for the youngest child to be the sole responsibility of the plaintiff.

■■ We will not set aside a master's determination of an appropriate alimony and/or support award unless an abuse of discretion is shown. *Marsh v. Marsh*, 123 N.H. 448, 451, 462 A.2d 126, 128 (1983). On the evidence before him, the master in the present case could not reasonably have found that the $500 award was just or sufficient to meet the needs of the plaintiff and the children, in light of the relatively high standard of living enjoyed by the parties during the marriage and the defendant's ability to pay. We therefore conclude that the master abused his discretion.

■■ In *Parker v. Parker*, 122 N.H. 658, 448 A.2d 414 (1982), we declined to rule that the inability to meet expenses with present income, as supplemented by an award of alimony and child support,

*necessarily* indicated an abuse of discretion in determining an award. *Id.* at 662, 448 A.2d at 416. In *Parker*, however, where the parties' assets available for a property division and support award were minimal, we upheld the master on the basis that he could reasonably have found the complaining party, although unsuccessful in securing a position at the level of her qualifications, "had the ability and training to earn sufficient money to contribute to the provision of her own and her children's needs." *Id.* By contrast, the evidence in the present case indicates that the plaintiff is employed commensurate with her training, and yet is unable to even come close to meeting her expenses.

■ In addition, the characterization of the award as "for her support and the support of the parties' minor children" appears to require the plaintiff to include the $6,000 a year award in her taxable income. *See Commissioner v. Lester*, 366 U.S. 299 (1961). We are unable to conclude from the record that the master may have fashioned the award in this manner to, for example, "ease the [defendant's] burden of support and to leave him with enough resources to meet his personal expenses." *Parker v. Parker*, 122 N.H. at 663, 448 A.2d at 416. Upon remand, the master shall consider the tax consequences of any award, and his recommendation to the trial court shall indicate that he has considered such consequences.

The parties have not appealed the property division as determined by the master and, accordingly, we will not review whether the distribution, itself, was equitable. However, the defendant contends that the assets which the plaintiff would receive as part of the property division were properly considered by the master in determining the adequacy of the support award. In particular, the defendant refers to six parcels of land owned by the parties. The plaintiff's appraisal valued these properties at approximately $179,000 total. The defendant's appraisal valued these properties at approximately $109,000 total. The record indicates that the disparity in these figures apparently resulted from one expert appraising the land on the basis of use as house lots and the other expert appraising the land as raw acreage.

As part of the property division, the master awarded to the defendant three of the parcels, which together were valued at approximately $85,240 by the plaintiff and $54,300 by the defendant. The master awarded to the plaintiff the other three parcels, which together were valued at approximately $94,000 by the plaintiff and $54,800 by the defendant, conditioned upon the defendant's failure to pay her $90,000 for these properties within six months. The record indicates that the master presumed that these properties

would be converted to cash that would generate interest income, which the plaintiff could then use towards her expenses.

The defendant has the option of paying the plaintiff $90,000 in exchange for the three parcels of land. If the defendant chooses not to purchase the land, the price the plaintiff would receive in a sale to a third party is indeed speculative. Furthermore, a sale to a third party may likely involve tax consequences not present if the defendant's payment of $90,000 is considered as part of a property settlement. Although the assets received in the division of property might be a proper consideration in making a corresponding support award, a presumption, on these facts, that the asset, upon liquidation, would represent a present use value of $90,000 to the plaintiff is unjustified and too uncertain to give validity to a corresponding support award which, alone, is clearly inadequate to meet the needs of the plaintiff and children.

We reverse and remand for reconsideration of the support award in light of this opinion.

*Reversed and remanded.*