Sullivan
No. 87-022

ROSEMARIE HILLEBRAND

v.

THOMAS A. HILLEBRAND

June 6, 1988

*Clauson, Smith & Whelan*, of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Richard F. Upton* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Dr. Thomas Hillebrand, appeals from a divorce decree recommended by the Master (*Larry B. Pletcher*, Esq.) and approved by the Superior Court (*Contas*, J.). Dr. Hillebrand raises numerous issues on appeal; however, only those which were fully briefed and argued are addressed, and these can

be summarized as follows: (1) whether the trial court erred in including certain business assets as marital property for purposes of determining the value of the marital estate; (2) whether the trial court erred in valuing the assets of the marital property as of the date of the final hearing, August 6, 1986; and (3) whether the trial court erred in calculating the amount of income available to Dr. Hillebrand for the payment of alimony and child support. For the reasons that follow, we affirm in part, reverse in part, and remand.

The parties were married on December 27, 1969. In 1976, they moved to Claremont, where Dr. Hillebrand had purchased an existing dental practice. Mrs. Hillebrand worked as a secretary prior to the marriage and continued working in that capacity after the marriage until the birth of the couple's first child in January, 1974. The parties have three minor children, who reside with Mrs. Hillebrand pursuant to a temporary decree awarding both parties joint legal custody and Mrs. Hillebrand temporary physical custody. Mrs. Hillebrand's only outside employment since the birth of the couple's children had been as a bookkeeper and general assistant in Dr. Hillebrand's office.

The parties separated in August, 1982. Mrs. Hillebrand filed the divorce libel on July 21, 1983, citing irreconcilable differences. At a hearing for a temporary decree on October 1, 1984, the Superior Court (*Contas*, J.), acting on the recommendation of the Master (*Larry B. Pletcher*, Esq.), ordered, among other things, that Dr. Hillebrand pay $4,000 per month as combined support for Mrs. Hillebrand and the three minor children. Between this hearing and the final hearing, Dr. Hillebrand purchased a new residence and had an addition built onto his existing professional office. His dental practice purchased a new automobile.

At the final hearing, the parties contested the valuation and disposition of property and the amount of reasonable support. The hearing encompassed two court days, the first on April 4, 1986, and the last on August 6, 1986. The master found that Dr. Hillebrand earned just under $200,000 a year. Accordingly, he recommended child support in the amount of $800 per child per month and alimony in the amount of $3,100 per month. The master also made very detailed and specific findings concerning the inventory of marital assets, the value of those assets, and the allocation of the assets between the parties, which the court accepted in distributing the assets. Dr. Hillebrand responded to the court's order with a request for reconsideration. Following the denial of this request, he appealed to this court. We are mindful of the longstanding rule in this jurisdiction that trial courts have broad discretion in divorce

matters, and we will uphold their decision unless an abuse of discretion is shown or the court erred as a matter of law. *Ruben v. Ruben*, 123 N.H. 358, 360, 461 A.2d 733, 734 (1983); *see also Dionne v. Dionne*, 129 N.H. 638, 640, 531 A.2d 319, 320 (1987) (property and alimony distribution); *Russman v. Russman*, 124 N.H. 593, 596, 474 A.2d 1017, 1019 (1984) (child support).

## I. *Business Assets in the Marital Estate*

The defendant claims that the master erred in including office equipment, accounts receivable, and business cash of the professional association in the marital estate. The defendant attempts to rely for support on our analysis in *Grandmaison v. Grandmaison*, 119 N.H. 268, 401 A.2d 1057 (1979).

This court, in *Grandmaison*, upheld a property award that excluded the husband's $400,000 interest in a closely-held business from the inventory of marital assets. *Id.* at 270, 401 A.2d at 1058. The business had been purchased prior to the couple's marriage, and the court found that the wife had contributed neither assets nor substantial labor to its development. *Id.* at 271, 401 A.2d at 1059. *Grandmaison* can be distinguished from the present case on the grounds that Dr. Hillebrand purchased the professional association after the marriage and there was evidence to show that Mrs. Hillebrand did contribute directly to its development. In general, it is common practice to include business assets as part of the marital estate, *see* B. GOLDBERG, VALUATION OF DIVORCE ASSETS § 15.14–15.14-35 (Supp. 1987), and we find no error by the court in considering these assets as joint marital property.

## II. *Valuation of Assets*

Dr. Hillebrand next claims that the trial court erred in approving the date of the final hearing, August 6, 1986, as the date to value the marital estate. He contends, in the alternative, that the property should have been valued either as of the date of the filing of the divorce libel, July 21, 1983, or as of some other date chosen in the discretion of the master.

Nothing in New Hampshire case law or statutory law suggests that the date of the filing of the divorce libel is the preferred valuation date for marital assets, and we decline to adopt such a rigid position today. We agree that the date of the filing of the divorce libel is a fixed date and as such is one of the possible dates for valuing the marital assets of the parties. The vast majority of jurisdictions provide that the trial court has wide discretion in

determining the date on which a value should be placed on marital assets; the filing date serves as but one of the available options. *See Bachtle v. Bachtle*, 494 A.2d 1235 (Del. 1985); *Taylor v. Taylor*, 436 N.E.2d 56 (Ind. 1982); *Berish v. Berish*, 69 Ohio St. 2d 318, 432 N.E.2d 183 (1982); *Sergi v. Sergi*, 506 A.2d 928 (Pa. Super. 1986). We adhere to the majority view, preferring to leave our trial courts free to exercise their sound discretion in effecting an equitable distribution of marital assets. *See* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW §§ 391, 392 (1982 & Supp. 1987).

We do note that certain types of marital assets are more prone to fluctuations in value in our free market system than others, and their value at any given time is beyond the control of either party in the divorce proceeding. Real estate and stocks are but two examples of these. Rather than attempt to enact special rules for this type of property, we leave it to the discretion of the trial court to determine the preferred valuation date for such assets, but commend for its consideration unanticipated market fluctuations which neither party to the divorce can influence.

In this case, Dr. Hillebrand contends that through considerable time and effort on his part, and not due to outside market forces, he increased the value of his business assets between the date that the divorce libel was filed and the date of the final decree of divorce. He argues that his extraordinary efforts between the filing of the libel and the final decree, years later, should be recognized by a more favorable property distribution.

The record indicates that the master acknowledged Dr. Hillebrand's efforts in contributing to the increase in the value of the professional association. This served as one factor among many that the master considered in allocating the business real estate and business assets to Dr. Hillebrand. Not including the equal division of the stock, Dr. Hillebrand received property valued in excess of $310,000 while Mrs. Hillebrand received property, including a $100,000 promissory note, valued at just over $200,000.

 Likewise, there is no merit to the defendant's argument that the court abused its discretion in failing to choose an alternative valuation date on the ground that the limited time scheduled for trials by marital masters created "an unusual and inordinate delay" in bringing the case to a trial on its merits. A delay in getting to the merits of a case may be a factor to be considered by the trial court in choosing an appropriate valuation date for marital property. In this case, at least part of the delay is attributable to the fact that the defendant changed counsel twice. The record supports neither his allegations that three years is *per*

*se* an unreasonable period nor his argument that the plaintiff intentionally delayed the proceedings by filing contempt motions.

Overall, we believe that the record supports the conclusion that the master exercised sound discretion in distributing the marital estate, other than the disposition of Dr. Hillebrand's retirement plan, which we discuss below. The trial court met its responsibility to divide the marital assets of the parties equitably, *see Grandmaison*, 119 N.H. at 271, 401 A.2d at 1059, with the goal in a long-term marriage such as this being equality. *Hodgins v. Hodgins*, 126 N.H. 711, 715, 497 A.2d 1187, 1190 (1985); *Rahn v. Rahn*, 123 N.H. 222, 225, 459 A.2d 268, 270 (1983); *see generally* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 392.

■ With respect to the issue of the valuation of his retirement plan, we agree with the defendant that the trial court erred in disregarding our decision in *Hodgins supra*. We stated in *Hodgins* that if the divorce decree awarded a percentage of one party's pension to the other party, "[s]uch a decree must take account of the fact that only those pension benefits which are attributable to the retiree's employment *during the marriage* are subject to distribution." *Hodgins, supra* at 716, 497 A.2d at 1190 (emphasis added). To compute the appropriate percentage for each party we stated that:

> "The percentage would be derived by dividing the number of months [the defendant] was employed, *during the marriage and prior to commencement of the divorce proceedings*, by the total number of months of credits he will have earned toward his pension as of the date benefits commence."

*Hodgins, supra* at 716, 497 A.2d at 1190–91 (emphasis added). The divorce proceedings in this case commenced on July 21, 1983. Since the master erred in ruling that *Hodgins* does not control in calculating Mrs. Hillebrand's interest in Dr. Hillebrand's retirement plan, we remand for reconsideration of the pension award in light of *Hodgins*.

■■ Dr. Hillebrand contends, in addition, that his decision to increase the value of his retirement plan was not a discretionary one, nor was the increase in value made with marital assets. Rather, he contends, the increase was necessary due to changes in the tax laws. We disagree. Although it may have been necessary from a tax perspective, we believe the master ruled correctly that Dr. Hillebrand exercised his own discretion and that his decision was a unilateral one. The fact that Dr. Hillebrand acted due to changes

in the tax laws does nothing to change the unilateral nature of his act. Hence, to the extent that Dr. Hillebrand used marital assets, after the date that the divorce libel was filed, to increase the value of his retirement plan, the court may, using its discretion, allocate a greater interest in the retirement plan to Mrs. Hillebrand than the *Hodgins* rule provides or otherwise compensate her equitably in light of all other relevant factors. *Hodgins, supra* at 716, 497 A.2d at 1190; *see also Grandmaison,* 119 N.H. at 271, 401 A.2d at 1059; *Heath v. Seymour,* 110 N.H. 425, 433, 270 A.2d 602, 608 (1970). We reiterate what we said in *Hodgins,* that if the court intends to deviate from the *Hodgins* rule, it should state its reasons and make specific findings and rulings supporting its decision. *Hodgins, supra* at 715, 497 A.2d at 1190.

### III. *Alimony and Child Support*

■ We turn next to the defendant's argument that the court erred in determining the amount of income available for alimony and child support. We affirm the court's award. There is no merit to the defendant's claim that the master erred in failing to take a three-year average of defendant's income for purposes of determining the amount of support payments. The defendant concedes that support payments may fluctuate based on income and that RSA 458:32 provides that either party may petition for a modification of support payments at any time a change of circumstances warrants it. *Chenausky v. Chenausky,* 128 N.H. 116, 120, 509 A.2d 156, 159 (1986). We read this statute to provide that child support is determined on the basis of present income. There is nothing in the statute that suggests that income-averaging is a valid means for determining child support obligations.

■ Likewise, there is no merit to Dr. Hillebrand's claim that contributions to his retirement plan should not be included in his income in determining alimony or child support payments. Contributions to a retirement plan are an option taken by an employee or self-employed person; they are not required by law. Dr. Hillebrand's arguments that such contributions make good business sense and are customary, or that they minimize a current tax burden today, are not inconsistent with the position that the money contributed to the retirement plan is nevertheless part of his gross income. Therefore, the master correctly included it in concluding that Dr. Hillebrand earns just under $200,000 a year.

*Affirmed in part; reversed in part; remanded.*

JOHNSON, J., did not sit; THAYER, J., with whom SOUTER, J., joined, concurred specially; BATCHELDER, J., concurred.

THAYER, J., concurring specially: I believe that marital masters and trial judges should, when using their discretion in distributing assets of the parties in a divorce action, consider certain equities, and that was done in this case. However, since the valuation date for various assets may be critical to not only the parties but the orderly administration of justice, we must await the presence of the full court to determine whether more guidance should be given in this area. When these issues are appropriately raised in future cases, I will hope for the participation of knowledgeable members of the bar as *amici curiae*.

SOUTER, J., joins in the special concurrence.