[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Court decision (Axelrod, J.) dated June 14, 1996, a judgment of dissolution entered by the Superior Court in New Hampshire was opened. The dissolution of the marriage of the parties remained in full force and effect as a result of the decision, but the Court (Axelrod, J.) vacated all of the financial orders entered by the court in the State of New Hampshire in its judgment of January 26, 1993. This judgment had been entered pursuant to the stipulation of the parties who were both represented by separate counsel.
The Court found that the plaintiff, in his financial affidavit dated January 8, 1993, failed to reveal that he had a guaranteed $20,000 minimum commission over and above his $80,000 salary, the pro rata share of which commission was paid to him during the last week of December, 1992. The Court (Axelrod, J.) found that the plaintiff made a fraudulent representation as to his income for the purpose of and with the intention of causing the defendant to act upon it, and that the defendant in fact did act upon the fraudulent representation.
It is this Court's finding that the intention of the Court (Axelrod, J.) was that all financial orders be vacated and the Court hear the issues relating to the finances of the parties.
The Court (Axelrod, J.) after hearing, found that the failure to disclose the $20,000 commission was fraudulent. This Court considered all of the financial issues since they were affected by the non-disclosure of the $20,000 commission. Incidental to this was the cause of the breakdown of the marriage CT Page 12017 which was also considered. Financial issues encompass financial orders and property orders as well, since both financial orders and property orders affect the overall settlement agreement that the parties entered into. Had there been full disclosure by the plaintiff, the parties' positions during the course of negotiations could conceivably have been different.
This Court is of the opinion that the fraud that was perpetrated can best be redressed by readjusting the alimony that had been agreed upon by the parties in January of 1993. This does not mean that any new award must necessarily be greater than the total readjusted pool of defendant's assets as available in January of 1993. Plaintiff argues that this Court should consider as an isolated matter only the issue of alimony and relies onShafmaster v. Shafmaster, 682 A.2d 1361, 138 N.H. 460 (1994). While it is correct that the Court require the orders relating to property distribution to be vacated, the term "property settlement" appears to be used generically. In any event, theShafmaster court appears to make no clear cut distinction between financial orders and property orders.
This Court must consider the parties respective financial positions at the time of the 1993 judgment of dissolution, as well as the statutory criteria in existence at that time, and this Court has done so. The Court has examined the criteria set forth in the New Hampshire statutes, i.e., 458 16a PropertySettlement. Annulment, Divorce and Separation in arriving at its decision. The criteria are more expansive than the Connecticut statutory criteria. The Court finds that the parties are equally at fault for the breakdown of the marriage. Neither party caused substantial physical or mental pain and suffering to the other, nor did the conduct of either party result in substantial economic loss to the marital estate or the injured party. At the time of the dissolution, the defendant was in good physical health. She sold real estate and had some success from 1984 to 1990 in this field. She also did interior design and was in partnership with Martha Healey in Ambiance Design. She was and still is highly employable. She is a graduate of Mount Vernon College. The marriage was of twenty-three years duration, but the parties separated approximately two years before the dissolution was actually entered. During the period of separation, the defendant, by her own testimony, testified that plaintiff paid her temporary alimony of $1000 per month. At the time of the dissolution, defendant received $38,700, the entire profit from the sale of the jointly held marital home in Dunbarton, New CT Page 12018 Hampshire, and $65,000 from plaintiff's pension. In addition to the alimony that the defendant also received, which totaled $91,200, she also receives some paintings, antiques and personalty. By subsequent order of the Superior Court, the defendant has received an additional sum of $44,052 as temporary alimony as of October 16, 1998. By contrast, the plaintiff kept some articles of personalty and one-half of his pension. Except for his employment, he left the marriage with no assets other than one-half of his pension.
While it is true that the Court has discretion in determining the date for the valuation of assets, it is appropriate in the present case that the time for their valuations is the time of the dissolution in New Hampshire, i.e., January, 1993. Hillebrand v. Hillebrand, 546 A.2d 1047 (N.H. 1988).
The Court finds that it is appropriate in the present case to redetermine the finances of the parties and thus financial orders as of the date of the 1993 judgment. Other than plaintiff's employment, there were no assets that would appreciate in the future. The marital residence was sold and the other assets were readily disposed of. None of the assets in the present case were prone to substantial fluctuations at the time of the original dissolution. When there is a clearly delineated item that is fraudulently omitted and that is easily juxtaposed, there is no need or requirement to destroy the efficacy of the original voluntary agreement.
The defendant, pursuant to his proposed orders dated October 14, 1998, concedes that all temporary alimony paid to date shall be the property of the defendant, and the Court has not considered this concession in making its determination.
It would strain judicial resources and could lead to serious injustices if a party to a marital dissolution who subsequently discovers some omission that is determined to be fraud to then allow that party to come back at a later date and completely extinguish and destroy the original agreement. Obviously, if there is a pattern of fraud that completely permeates the dissolution and causes a serious injustice, the Court would be justified in not restoring to the party the parties to the position they were in.
This Court has considered both the alimony award and the CT Page 12019 property distribution in making the determination as to the amount due and owing the defendant. The Court is satisfied that no change is required in the property distribution, but a change is clearly required in the alimony award. The Court finds that the sum of $7500 per year shall be added to each of the two years that $24,000 per year was agreed upon, and $5000 per year for each of the three years that $43,200 was agreed upon. In addition thereto, interest at New Hampshire's legal rate is ordered on the sum of $15,000 from January 26, 1993 to date of judgment, and on the sum $15,000 from January 26, 1995 to date of judgment.
It is ordered:
1. All temporary alimony shall terminate as of the date of this judgment and all temporary alimony paid to date shall be the property of the defendant.
2. Alimony shall terminate and be non-modifiable as of the date of this judgment.
3. The plaintiff shall pay to the defendant the sum of $30,000 as additional alimony for the period commencing January 26, 1993 through January 26, 1998, with interest in the amount of $12,270, or a total of $42,270 within thirty (30) days of the date of judgment.
4. The plaintiff shall pay as attorney fees to Attorney C. Michael Budlong the sum of $7000 for the period commencing March10, 1998 to the date of this judgment, plus out-of-pocket expenses in the amount of $37.34, said sums to be paid within thirty (30) days from the date hereof.
5. The parties shall retain all property, personal and real estate that they may each own free and clear of any claims of the other.
Owens, J.