Rockingham
No. 89-520

DIANE E. HALLIDAY

v.

RICHARD H. HALLIDAY

July 3, 1991

*Michael J. Carroll,* of Portsmouth, by brief and orally, for the plaintiff.

*John A. Macoul,* of Salem, by brief and orally, for the defendant.

THAYER, J. The plaintiff, Diane Halliday, appeals from a final divorce decree issued by the Superior Court (*Hollman*, J.) after a hearing on the merits. The plaintiff raises three issues on appeal: (1) whether the trial court erred in ruling that the defendant Richard Halliday's non-vested military pension was not property; (2) if the pension is property, whether the trial court abused its discretion in awarding the defendant the entire pension; and (3) whether the trial court abused its discretion in ordering that the plaintiff obtain the prior written consent of the defendant, or authorization from the trial court, before removing the primary residence of the minor children from the State of New Hampshire. We reverse on the first issue, remand for further proceedings on the second issue, and affirm on the third issue.

The parties were married on November 23, 1974, and have two children. In 1976, the defendant entered the United States Air Force as a second lieutenant, and he remains on active duty with the rank of major.

The plaintiff filed for legal separation in November 1986, later amended to a libel for divorce, and the defendant subsequently filed a cross-libel for divorce. After a final hearing, the trial court decreed a divorce dated September 2, 1989, in favor of both parties on the ground of irreconcilable differences. The record indicates that the assets acquired by the parties during the marriage included household furniture of a value less than $3,000, United States Savings Bonds of a value of approximately $6,000, and the defendant's non-vested military pension. The parties own no real estate. The final decree incorporated the parties' agreement to an equal division of the bonds and to an award of the furniture to the plaintiff so as to benefit the children. The agreement left a number of contested issues for resolution by the trial court, including apportionment of the military pension. After the trial court issued its decree, the plaintiff filed a motion for reconsideration of, *inter alia*, the award of the non-vested pension entirely to the defendant. The trial court denied the motion as to that issue, and this appeal followed.

■ The provision in the final decree awarding the defendant his military pension states:

> "In *Baker v. Baker* . . . the New Hampshire Supreme Court held that as a matter of State law military retirement pay is not property subject to division in a domestic case. The rule in *Baker* continues to be the law in the State of New Hampshire, and precludes the plaintiff from receiving a share of

any military pension which defendant may hereafter receive. Moreover, even if defendant's military pension were property subject to division in this divorce case, the court would not award any portion of it to the plaintiff. As of the date proceedings in this case commenced, defendant had approximately ten more years of active duty military service to perform before entitlement to military pension benefits. Under these circumstances, it would be inequitable to award plaintiff an interest in defendant's prospective military retirement benefits, which have no cash surrender value, loan value, redemption value, lump-sum value, or value realizable after death."

When viewed in light of the provisions of RSA 458:16-a, I (Supp. 1990), the trial court's ruling that Mr. Halliday's military pension is not marital property is clearly erroneous. The statute provides that "[p]roperty shall include all tangible and intangible property and assets . . . . Intangible property includes . . . vested and non-vested pension or other retirement benefits. . . ." RSA 458:16-a, I (Supp. 1990). Furthermore, this court has expressly held that under "the plain language of RSA 458:16-a (Supp. 1989) . . . military retired pay is divisible as property in New Hampshire divorce actions." *Blanchard v. Blanchard*, 133 N.H. 427, 431, 578 A.2d 339, 342 (1990) (State law consistent with federal law). We reverse the trial court's ruling insofar as it indicates otherwise.

The plaintiff further argues that, as property subject to division in the divorce action, the trial court abused its discretion in not awarding her a share of the non-vested military pension. The defendant asserts that the trial court acted within its discretion because RSA 458:16-a, II(*o*) allows the court to consider "[a]ny other factor that [it] deems relevant" when distributing property. RSA 458:16-a, II(*o*) (Supp. 1990). He argues that the trial court appropriately considered that the plaintiff was not employed during the marriage and therefore did not contribute toward acquisition of the assets of the parties; that she did not adequately care for the marital home, even though unemployed; and that when the defendant was required to go overseas the plaintiff, on more than one occasion, failed to accompany him contrary to his desires. The defendant suggests that these factors indicate a lack of effort on the part of the plaintiff to further his military career.

RSA 458:16-a, II (Supp. 1990) establishes a presumption that an equal division of marital property in divorce proceedings is an equi-

table distribution. See RSA 458:16-a, II (Supp. 1990); see also *Parkhurst v. Gibson (Parkhurst)*, 133 N.H. 57, 63–64, 573 A.2d 454, 458 (1990) (equal division presumed equitable). The trial court may determine, however, that an equal division is not equitable, based on a consideration of the factors set forth in the statute. *See* RSA 458:16-a, II(a)–(o). "If . . . the court concludes that an unequal distribution of property is warranted, it should state its reasons and make specific findings and rulings supporting its decision." *Hodgins v. Hodgins*, 126 N.H. 711, 715, 497 A.2d 1187, 1190 (1985).

The trial court's order stated that, because the defendant had ten more years of military service to perform before the pension would vest, it would be inequitable to award the plaintiff an interest in the pension, which was a prospective benefit with no current value. The defendant argues that the uncertainty whether his pension would ever vest is a proper ground for the trial court's ruling, and he cites *Hodgins* in support of his position and distinguishes *Blanchard* because the pension in that case was vested.

■■■ This court's language in *Hodgins*, a case decided years before the change in the statute governing property settlement in divorce actions, must be reviewed in light of the requirements of the statute. Under RSA 458:16-a, I, a pension interest is property subject to equitable distribution notwithstanding the fact that it is not vested. A lack of present value of the pension may not, therefore, support a decision not to award a percentage thereof to the non-military spouse. To the extent that the trial court's property distribution in this case was based on the fact that the pension had not yet vested, we hold that the court erred as a matter of law. A disproportional distribution of property must be based on the factors listed in RSA 458:16-a, II. The fact that a pension is without present value, or that such value is *de minimis*, may be taken into account under subparagraph (o) of paragraph II. While consideration of the factors under paragraph II might justify not awarding any portion of the defendant's pension to the plaintiff, the nature of the pension as vested or non-vested is not a legal distinction under the statute. We remand this case to the trial court with instructions to reconsider the division of the defendant's pension consistent with the views expressed herein.

Finally, the plaintiff challenges the provision in the decree which requires that she obtain the prior approval of the defendant or the court, before moving the primary residence of the children to another State. The plaintiff argued at the hearing on the merits that

the provision is unfair under the circumstances of this case, and she argued in a motion for reconsideration that because the defendant is stationed overseas, such a restriction is without "basis or justification." On appeal she argues, first, that this provision infringes upon her constitutional right to travel. Because the plaintiff did not present the constitutional issue below, we will not review it on appeal. *See Dombrowski v. Dombrowski*, 131 N.H. 654, 662, 559 A.2d 828, 833 (1989); *State v. Dellorfano*, 128 N.H. 628, 632–33, 517 A.2d 1163, 1166 (1986); *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984).

 Second, she argues that, because the defendant is stationed overseas, his visitation rights would not be adversely affected if the plaintiff were to move the primary residence of the children to another State. Under these circumstances, she contends that the order is not justified. The trial court is given broad discretionary powers in divorce actions. *See Del Pozzo v. Del Pozzo*, 113 N.H. 436, 437, 309 A.2d 151, 153 (1973). The plaintiff is not restricted from moving the primary residence of the children for a legitimate purpose. The provision merely ensures that the defendant will receive sufficient notice of the plaintiff's intent to relocate and that the trial court will retain jurisdiction. There is nothing unreasonable regarding the provision, and we find no abuse of discretion. We therefore affirm that provision of the decree.

*Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.*

All concurred.