Hillsborough-northern judicial district
No. 92-702

LYNDA M. FLAHERTY

v.

PAUL W. FLAHERTY

March 22, 1994

*Law Offices of Carpenito, P.A.*, of Salem (*James W. Carpenito* and *C. Michael Celenza* on the brief, and *Mr. Celenza* orally), for the plaintiff.

*Gormley, Mayer & Gormley, P.C.*, of Nashua (*Arthur O. Gormley, III* on the brief, and *Fred K. Mayer* orally), for the defendant.

JOHNSON, J. The defendant, Paul Flaherty, appeals the property distribution in a divorce decree, recommended by the Master (*Peter J. Bourque*, Esq.) and approved by the Superior Court (*Barry*, J.), which awarded the plaintiff, Lynda Flaherty, one-half of the defendant's interest in a spendthrift trust created by his parents. On appeal, the defendant argues that the trial court abused its discretion by: (1) applying New Hampshire law to the interpretation, construction, and administration of the trust; (2) including in the marital estate the defendant's interest in the remainder of the trust, despite an anti-alienation clause; and (3) awarding the plaintiff a one-half share of the defendant's one-sixth interest in the remainder of the trust. We affirm.

On October 11, 1990, Massachusetts residents John W. Flaherty and Norma E. Flaherty, the defendant's parents (the parents), created an irrevocable trust naming as co-trustees the defendant and one of his brothers, John E. Flaherty. The trust corpus comprises the parents' family home in Lowell, Massachusetts, investment portfolios, stocks, annuities, and mutual funds. The parents may add property to the trust at any time. By the terms of the trust, the

trustees are to pay the parents up to $1,000 trust income monthly. The trust provides that upon the death of the last surviving parent, the trust will be distributed in six equal shares among their six children. The trust contains an anti-alienation clause affecting all persons given an interest in the trust. The final article of the trust document states that the trust is governed by the laws of Massachusetts.

John W. Flaherty testified that, in creating the trust, he intended that his children's families would share in his children's interests. John E. Flaherty testified that his understanding of his duties as co-trustee is that each family member's interest in the trust is to be enjoyed by his or her spouse as well.

On March 2, 1992, after nearly twenty-three years of marriage, the plaintiff filed for divorce. The final divorce decree, based on irreconcilable differences, gave the plaintiff primary physical custody of the parties' minor child and divided the defendant's interest in the trust evenly between the parties.

## I. Exercise of Jurisdiction and Choice of Law

■ The defendant first argues that jurisdiction of the Flaherty trust belonged to a Massachusetts court, and that Massachusetts law should have been applied to the trust. In determining whether the superior court should have exercised or declined to exercise its jurisdiction, we consider the relationships that New Hampshire and Massachusetts have with the trust. *Bartlett v. Dumaine*, 128 N.H. 497, 517, 523 A.2d 1, 14 (1986); *see* A. SCOTT & W. FRATCHER, THE LAW OF TRUSTS § 569, at 164 (4th ed. 1989). Massachusetts' interest in the proper administration of the trust is substantial because the settlors are Massachusetts residents and the assets contained in the trust are based in that State. New Hampshire's interest, however, is greater. First, both the plaintiff and defendant resided in New Hampshire while married. Second, and more important, the precise issue that is raised with respect to the administration of the trust is how it is to be figured into the division of the marital assets. Since the New Hampshire Superior Court issued the divorce decree, it should decide every facet of the property division, including the defendant's remainder interest in the trust.

■ We next consider what effect should be given to the trust provision designating Massachusetts law as that by which the trust is to be governed, construed, and administered. This court has respected choice of law provisions in trusts. *See, e.g., In re Dumaine*, 135 N.H. 103, 106, 600 A.2d 127, 129 (1991); *In re Lykes Estate*, 113

N.H. 282, 284, 305 A.2d 684, 685 (1973); RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 268(1) comment *b*, 277(1) comment *b* (1971). Thus, we determine that the choice of law provision in the Flaherty trust directs that Massachusetts law controls the governing, construing, and administration of the trust.

## II. *Inclusion of Trust Interest in Marital Assets*

We next consider whether the trial court properly included the defendant's remainder interest in the Flaherty trust in the marital estate. RSA 458:16-a governs the type of property included in the marital estate: "Property shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." RSA 458:16-a, I (1992). The defendant argues that his beneficial interest in the spendthrift trust should not be included because he has not yet received an interest in it, and the trust does not have a monetary value ascribed to it.

We find that although the defendant does not enjoy a present possessory interest in the trust, his interest is vested; *i.e.*, he was an ascertained remainderman upon the creation of the trust, and his interest is certain to reach him upon the specified event of the death of his last surviving parent. If the defendant should die before his last surviving parent, then his interest would pass through his estate as an owned asset. *See* RESTATEMENT (SECOND) OF PROPERTY § 34.6(4) comment *b*, illus. 5 (1992).

The facts of this case are analogous to those in *Halliday v. Halliday*, 134 N.H. 388, 593 A.2d 233 (1991). In that case, we held that a non-vested, military pension lacking present value was intangible property under RSA 458:16-a, I, and therefore subject to division in divorce. *Id.* at 391, 593 A.2d at 235. Similarly, in the case at hand, the defendant's remainder interest in the trust will have value only in the future; this factor does not prevent the inclusion of the interest in the marital assets. *Cf. Lawlor v. Lawlor*, 123 N.H. 163, 459 A.2d 238 (1983) (husband's vested, but undistributed, legacy under will of deceased parent was relevant economic circumstance for marital master to consider in dividing marital property and awarding alimony).

The defendant argues that the trial court wrongly invalidated the anti-alienation clause in the trust instrument by allowing the plaintiff to reach the defendant's interest in the remainder of the trust. The following is the provision at issue:

"No person to whom any interest is given, whether in income or principal, shall have the power to anticipate, alien-

ate[], dispose of or encumber such interest or income by anticipation or to subject the same of his debts or liabilities, and no such interest or income shall be liable for his debts or liabilities."

In this case, we consider a remainder interest vested in the defendant that is subject to an anti-alienation clause separate from the spendthrift provision pertaining to the allocation of steady income to the parents. The issue is whether a clause protecting the right of a beneficiary, *i.e.*, the defendant, to receive the principal of the trust in the *future* is valid.

 Applying Massachusetts law, we find that the anti-alienation clause and the circumstance that the defendant's remainder interest will not have value until his last surviving parent dies do not preclude our treatment of the interest as marital property. Although spendthrift trusts have been held valid in Massachusetts, courts have recognized that such trusts can be included in the marital property to be considered for division. *See Davidson v. Davidson*, 19 Mass. App. Ct. 364, 371–72, 474 N.E.2d 1137, 1144 (1985). "We do not think that either the uncertainty of value or the inalienability of the interest, in themselves, are sufficient to preclude consideration of the interest as subject to division." *Id.* at 372, 474 N.E.2d at 1144; *see Lauricella v. Lauricella*, 409 Mass. 211, 217, 565 N.E.2d 436, 439 (1991). The facts of *Davidson* are analogous to those of the case before us. In that case, the wife in a divorce action sought to make her former husband's remainder interest under his father's testamentary trust part of the marital assets to be considered in the division of property. *Davidson*, 19 Mass. App. Ct. at 368, 474 N.E.2d at 1142. The remainder was not to be distributed until the husband's mother died and the husband reached age thirty-five. *Id.* at 371, 474 N.E.2d at 1143. At the time of the divorce, he was thirty-three years old and his mother was alive. *Id.* The Massachusetts Court of Appeals rejected "the notion that the content of the estates of divorcing parties ought to be determined by the wooden application of technical rules of the law of property." *Id.* at 371, 474 N.E.2d at 1144. The court included the value of the husband's trust remainder interest in the marital assets despite a valid spendthrift clause, even though the husband did not have a present possessory interest at the time of the divorce, recognizing that his interest "was fixed" at this time. *Id.* at 372, 474 N.E.2d at 1144. So too is the interest of the defendant in this case; he was an ascertained remainderman at the creation of the trust.

*III. Award to Plaintiff of Defendant's Remainder Interest*

The third issue on appeal concerns whether the trial court's award to the plaintiff of one-half of the defendant's one-sixth interest in the trust remainder was equitable. The defendant argues that "special circumstances" in this case should have required the trial court to make an unequal distribution of the marital estate. *See McAlpin v. McAlpin*, 129 N.H. 737, 740, 532 A.2d 1377, 1378 (1987). RSA 458: 16-a, II provides that the court presumes an equal division of property between the parties is equitable, unless after consideration of an extensive list of factors, including the duration of the marriage and the contribution of each spouse to the marriage, an equal division is found inappropriate. *See Rahn v. Rahn*, 123 N.H. 222, 225, 459 A.2d 268, 269–70 (1983); *Marsh v. Marsh*, 123 N.H. 448, 462 A.2d 126 (1983).

This court affords trial courts "broad discretion in divorce matters, and we will uphold their decision unless an abuse of discretion is shown or the court erred as a matter of law." *Hillebrand v. Hillebrand*, 130 N.H. 520, 522–23, 546 A.2d 1047, 1048 (1988). "The [trial] court, which is the trier of fact, is in the best position to assess and weigh the evidence before it because it has the benefit of observing the parties and their witnesses." *Abrams v. Abrams*, 131 N.H. 522, 525, 556 A.2d 1173, 1174 (1989). We find no legal error in the decision to distribute to the plaintiff one-half of the defendant's one-sixth interest in the remainder of the trust. Nor has the defendant shown any abuse of discretion, in light of the following relevant circumstances: that the trust was established one and a half years prior to the divorce; the plaintiff contributed significantly to the marriage for its full twenty-three year duration; and the plaintiff was granted primary physical custody of the parties' minor child.

We note that the defendant did not properly challenge the division of property on the basis that the order lacks written reasons, *see Magrauth v. Magrauth*, 136 N.H. 757, 763, 622 A.2d 837, 840 (1993) (interpreting RSA 458:16-a, III), since the issue was not raised in his motion to reconsider or in his notice of appeal. Therefore, we will not address it on appeal. *Broderick v. Watts*, 136 N.H. 153, 170, 614 A.2d 600, 611 (1992).

We conclude that the trial court did not err in considering the defendant's one-sixth interest in the remainder of the Flaherty trust a marital asset, and in awarding one-half of the defendant's trust interest to the plaintiff. At distribution, the plaintiff shall be entitled to her fractional share of the value of those assets in the trust at the

time of the divorce, or any substitutions therefor, plus all appreciation to the value of said assets and minus all diminution to the value of said assets. To the extent that there are assets added to the trust after the divorce, however, the plaintiff shall not be entitled to a share of these additions to the trust.

*Affirmed.*

All concurred.