Hillsborough-southern judicial district
No. 99-619

LORIE SCHEFFEL, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF CORY C.

v.

KYLE KRUEGER & a.

July 26, 2001

*William E. Aivalikles*, of Nashua, by brief and orally, for the plaintiff.

*Kyle Krueger, pro se*, filed no brief.

*Shaheen & Gordon, P.A.*, of Dover (*Karyn P. Forbes* on the brief) and *McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Ralph Holmes* and *Stephanie Norton* on the brief, and *Mr. Holmes* orally), for Citizens Bank NH, trustee defendant.

*Ansell Professional Association*, of Bedford (*Pamela J. Newkirk* on the brief), for Ansell Professional Association, as *amicus curiae*.

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*Michael R. Callahan* and *Dodd S. Griffith* on the brief), for The New Hampshire Bankers Association, as *amicus curiae*.

DUGGAN, J. The plaintiff, Lorie Scheffel, individually and as mother and next friend of Cory C., appeals a Superior Court (*Hollman,* J.) order dismissing her trustee process action against Citizens Bank NH, the trustee defendant. *See* RSA 512:9-b (1997). We affirm.

In 1998, the plaintiff filed suit in superior court asserting tort claims against the defendant, Kyle Krueger. In her suit, the plaintiff alleged that the defendant sexually assaulted her minor child, videotaped the act and later broadcasted the videotape over the Internet. The same conduct that the plaintiff alleged in the tort claims also formed the basis for criminal charges against the defendant. *See State v. Krueger*, 146 N.H. 541, 542 (2001). The court entered a default judgment against the defendant and ordered him to pay $551,286.25 in damages. To satisfy the judgment against the defendant, the plaintiff sought an attachment of the defendant's beneficial interest in the Kyle Krueger Irrevocable Trust (trust).

The defendant's grandmother established the trust in 1985 for the defendant's benefit. Its terms direct the trustee to pay all of the net income from the trust to the beneficiary, at least quarterly, or more frequently if the beneficiary in writing so requests. The trustee is further authorized to pay any of the principal to the beneficiary if in the trustee's sole discretion the funds are necessary for the maintenance, support and education of the beneficiary. The beneficiary may not invade the principal until he reaches the age of fifty, which will not occur until April 6, 2016.

The beneficiary is prohibited from making any voluntary or involuntary transfers of his interest in the trust. Article VII of the trust instrument specifically provides:

> No principal or income payable or to become payable under any of the trusts created by this instrument shall be subject to anticipation or assignment by any beneficiary thereof, or to the interference or control of any creditors of such beneficiary or to be taken or reached by any legal or equitable process in satisfaction of any debt or liability of such beneficiary prior to its receipt by the beneficiary.

Asserting that this so-called spendthrift provision barred the plaintiff's claim against the trust, the trustee defendant moved to release the attachment and dismiss the trustee defendant. The trial court ruled that under RSA 564:23 (1997), this spendthrift provision is enforceable against the plaintiff's claim and dismissed the trustee process action.

In reviewing the trial court's ruling on a motion to dismiss, we determine whether the facts as alleged establish a basis for legal relief. *See DeLellis v. Burke*, 134 N.H. 607, 610 (1991); *Provencher v. Buzzell-Plourde Assoc.*, 142 N.H. 848, 852-53 (1998). "We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law." *Key Bank of Maine v. Latshaw*, 140 N.H. 634, 636 (1996).

We first address the plaintiff's argument that the legislature did not intend RSA 564:23 to shield the trust assets from tort creditors, especially when the beneficiary's conduct constituted a criminal act. The plaintiff's claim presents a question of law involving the interpretation of a statute, which we review *de novo*. *See Appeal of Rainville*, 143 N.H. 624, 631 (1999). "We interpret legislative intent from the statute as written, and therefore, we will not consider what the legislature might have said or add words that the legislature did not include." *Rye Beach Country Club v. Town of Rye*, 143 N.H. 122, 125 (1998).

We begin by examining the language found in the statute. RSA 564:23, I, provides:

> In the event the governing instrument so provides, a beneficiary of a trust shall not be able to transfer his or her right to future payments of income and principal, and a creditor of a beneficiary shall not be able to subject the beneficiary's interest to the payment of its claim.

The statute provides two exceptions to the enforceability of spendthrift provisions. The provisions "shall not apply to a beneficiary's interest in a trust to the extent that the beneficiary is the settlor and the trust is not a special needs trust established for a person with disabilities," RSA 564:23, II, and "shall not be construed to prevent the application of RSA 545-A or a similar law of another state [regarding fraudulent transfers]," RSA 564:23, III. Thus, under the plain language of the statute, a spendthrift provision is enforceable unless the beneficiary is also the settlor or the assets were fraudulently transferred to the trust. The plaintiff does not argue that either exception applies.

■ Faced with this language, the plaintiff argues that the legislature did not intend for the statute to shield the trust assets from tort creditors. The statute, however, plainly states that "a creditor of a beneficiary shall not be able to subject the beneficiary's interest to the payment of its claim." RSA 564:23, I. Nothing in this language suggests that the legislature intended that a tort creditor should be exempted from a spendthrift provision. Two exemptions are enumerated in sections II and III. Where the legislature has made specific exemptions, we must presume no others were intended. *See Brahmey v. Rollins*, 87 N.H. 290, 299 (1935). "If this is an omission, the courts cannot supply it. That is for the Legislature to do." *Id.* (quotation omitted).

■ The plaintiff argues public policy requires us to create a tort creditor exception to the statute. The cases the plaintiff relies upon, however, both involve judicially created spendthrift law. *See Sligh v. First Nat. Bank of Holmes County*, 704 So. 2d 1020, 1024 (Miss. 1997); *Elec. Workers v. IBEW-NECA Holiday Trust*, 583 S.W.2d 154, 162 (Mo. 1979). In this State, the legislature has enacted a statute repudiating the public policy exception sought by the plaintiff. *Compare* RSA 564:23, I, *with Athorne v. Athorne*, 100 N.H. 413, 416 (1957). This statutory enactment cannot be overruled, because "[i]t

is axiomatic that courts do not question the wisdom or expediency of a statute." *Brahmey*, 87 N.H. at 298. Therefore, "[n]o rule of public policy is available to overcome [this] statutory rule." *Id.*

■■ The plaintiff next argues that the trust does not qualify as a spendthrift trust under RSA 564:23 because the trust document allows the beneficiary to determine the frequency of payments, to demand principal and interest after his fiftieth birthday, and to dispose of the trust assets by will. These rights, the plaintiff asserts, allow the beneficiary too much control over the trust to be recognized as a trust under RSA 564:23. Beyond the exclusion of trusts settled by the beneficiary, *see* RSA 564:23, II, the statute does not place any limitation on the rights a beneficiary is granted under the trust instrument. Rather, by its plain language the statute applies where a trust's "governing instrument . . . provides, a beneficiary . . . shall not be able to transfer his or her right to future payments of income and principal, and a creditor of a beneficiary shall not be able to subject the beneficiary's interest to the payment of its claim." RSA 564:23, I. In this case, the trust instrument contains such a provision. Because the settlor of this trust is not the beneficiary, the spendthrift provision is enforceable. The legislature did not see fit to pronounce further limitations and we will not presume others were intended. *See Brahmey*, 87 N.H. at 299.

■ Finally, the plaintiff asserts that the trial court erred in denying her request that the trust be terminated because the purpose of the trust can no longer be satisfied. The plaintiff argues that the trust's purpose to provide for the defendant's support, maintenance and education can no longer be fulfilled because the defendant will likely remain incarcerated for a period of years. The trial court, however, found that the trust's purpose "may still be fulfilled while the defendant is incarcerated and after he is released." *See, e.g.*, RSA 622:55 (Supp. 2000). The record before us supports this finding.

*Affirmed.*

BARRY and FAUVER, JJ., superior court justices, specially assigned under RSA 490:3, concurred; GRAY and MANIAS, JJ., retired superior court justices, specially assigned under RSA 490:3, concurred.