# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0379, <u>In the Matter of Dana Albrecht and Katherine Albrecht</u>, the court on March 14, 2019, issued the following order:**

We need not decide whether to grant the respondent's motion to strike the supplemental appendix attached to the petitioner's reply brief. The petitioner filed this appendix in response to the respondent's contention that the petitioner had failed to preserve his argument that California law governed whether certain real estate in California was part of the marital estate subject to division in the parties' New Hampshire divorce. The petitioner, as the appealing party, had the burden to provide a record on appeal sufficient to decide the issues he raised and to demonstrate that he raised those issues in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Pursuant to Supreme Court Rule 13(3), the petitioner was obligated to file his appendix no later than when he filed his brief.

Furthermore, even were we to accept the proposed supplemental appendix, it does not establish that he preserved his argument. The supplemental appendix contains three documents: (1) a trial memo that states only that, under California law, inherited property is separate property and not subject to division upon divorce; (2) the petitioner's requests for findings, which request a finding that his mother owned the California real estate as separate property; and (3) the petitioner's replication to the respondent's objection to his motion for reconsideration. The replication argues that, under California law, inherited property is separate property and not subject to division and that "it is appropriate for the Court to consider the doctrine of 'Conflict of Laws in the United States' with regard to [the California real estate], taking into account both California and New Hampshire law." <u>See</u> <u>O'Hearne v. McClammer</u>, 163 N.H. 430, 438-39 (2012) (stating argument raised for first time in reply to objection to motion for reconsideration not preserved).

The petitioner's motion for reconsideration argued only that he did not own the California real estate because he did not hold title to it; it did not assert that California law controlled whether the real estate was part of the New Hampshire marital estate. The supplemental appendix does not demonstrate that the trial court had an opportunity to address this argument, which the petitioner makes upon appeal. Accordingly, we will not address the argument.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Dana Albrecht (husband), appeals an order of the Circuit Court (DalPra, M., approved by Introcaso, J.), distributing marital property in his divorce from the respondent, Katherine Albrecht (wife). He contends that the trial court erred by: (1) including certain California real estate to which he did not hold title as marital property; (2) not including the wife's 2015 tax refund as marital property; and (3) finding that he had withdrawn $140,000 from the marital estate subsequent to the parties' legal separation.

We first address whether the trial court erred by including the California real estate as marital property. We review the trial court's determination of what assets are marital property de novo. In the Matter of Eckroate-Breagy & Breagy, 170 N.H. 247, 250 (2017). Pursuant to RSA 458:16-a, I (2018), "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties," is subject to equitable distribution. In the Matter of Heinrich & Heinrich, 164 N.H. 357, 359 (2012). Regardless of the source, all property owned by each spouse at the time of divorce is to be included in the marital estate. In the Matter of Geraghty & Geraghty, 169 N.H. 404, 418 (2016).

The husband argues that he did not own the California real estate because he did not hold title to it. It was devised to him by his mother upon her death in 2014. The trust that held title to the real estate during the mother's life provided that, if the husband's mother predeceased his father, which she did, "the Trustee shall distribute" (emphasis added) the real estate to the husband. The husband's father testified that he was the trust's sole trustee and that he had not yet conveyed title to the husband because he "didn't even know [he] had to get that done" until recently.

Contrary to the husband's argument, his father did not testify that he had transferred the California real estate into a "survivor's trust." Instead, he testified that he had not retitled any of the properties other than his home. The husband testified that he could demand that his father immediately transfer title to him and that he could obtain title to the real estate. He stipulated to the value of the real estate and listed it as an asset on his financial affidavit.

To the extent that the husband argues that his father might refuse to give him title to the California property, that would not alter his legal interest in the property. Furthermore, we note that the trial court found that the husband's father had supported him financially since the parties separated.

Under his mother's bequest, the husband has a vested interest in the California real estate, which he acquired prior to separating from the wife. RSA 458:16-a, I, does not require that a party have received a physical deed to property in order for the property to be included in the marital estate. Accordingly, we conclude that the trial court correctly included the California real estate in the marital estate. See Flaherty v. Flaherty, 138 N.H. 337, 340 (1994)

(stating husband's remainder interest in spendthrift trust, which he would not receive until death of both his parents, properly included in marital estate); Lawlor v. Lawlor, 123 N.H. 163, 165 (1983) (stating husband's vested, but undistributed, legacy was factor to consider in property distribution).

We next address whether the trial court erred by not including the wife's 2015 tax refund as marital property when the parties separated in 2016. The husband argues that, in 2014, the parties filed a joint tax return, were entitled to a $58,000 refund, and asked the IRS to retain the refund and apply it to the following year's taxes. He represents that, in 2015, the wife filed individually, the 2014 refund was applied to her tax liability, and she was refunded the remaining amount. In his brief, the husband states that the 2015 refund was "approximately $30,000." In his motion for reconsideration, he represented that this refund was $28,888. His brief fails to clearly articulate whether he is seeking half the total 2014 refund or half the amount that the wife was refunded in 2015. However, his motion for reconsideration sought half of the $28,888.

The husband does not identify where the wife placed this money. The trial court included all the wife's cash, retirement accounts, and bank accounts, and her business as marital property. Based upon this record, we cannot conclude that the trial court failed to include the tax refund in the division of marital property.

Finally, we address whether the evidence supported the trial court's finding that the husband had withdrawn $140,000 from the marital estate subsequent to the parties' legal separation. We will affirm the trial court's factual finding unless the evidence does not support it or it is legally erroneous. In the Matter of Salesky & Salesky, 157 N.H. 698, 707 (2008). In this case, the husband's financial affidavit stated that, at the date of filing, his retirement accounts were worth $156,571 and that their most recent value was $4,452. The husband acknowledged that he withdrew money from his retirement accounts after petitioning for divorce. His financial affidavit supports the trial court's finding regarding the amount withdrawn. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3