NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

7th Circuit Court-Dover Family Division
No. 2020-0051


IN THE MATTER OF WM. MICHAEL EARLEY AND RYANNE EARLEY

Submitted: February 18, 2021
Opinion Issued: May 5, 2021

Wm. Michael Earley, self-represented party, by brief.


Burns, Bryant, Cox, Rockefeller & Durkin, P.A., of Dover (Christine M. Rockefeller on the brief), for the respondent.


DONOVAN, J. The respondent, Ryanne Earley, appeals a final divorce decree issued by the Circuit Court (Lemire, J.) awarding the petitioner, Wm. Michael Earley, part of her interest in an irrevocable life insurance trust established by her parents. She argues that the trial court erred by classifying her interest in the trust as marital property subject to equitable division under RSA 458:16-a (Supp. 2020). Because we conclude that the trial court's decision is contrary to RSA 564-B:5-502 (2019), we reverse in part, vacate in part, and remand.

## I. Facts

The trial court found or the record supports the following facts. In 2000, the respondent's parents (O'Neils) established The O'Neil Family Irrevocable Trust of 2000 (Trust), funding it with ten dollars and appointing their financial advisor at the time as the trustee. The only other asset owned by the Trust is a

flexible premium variable life insurance policy issued to the O'Neils in 2001. The policy lists the O'Neils as the insureds and is payable upon the death of the second of the O'Neils to die. The policy's death benefit is $2 million, and, as of June 2019, the cash value of the policy was $184,930.42. The Trust is self-sustaining, meaning that the interest the policy generates pays for the annual insurance premium.

The Trust names the respondent and her two siblings as equal one-third beneficiaries. The Trust permits the trustee to "make distributions from [the Trust] from time to time in its sole discretion pursuant to the terms of [the Trust]." The trustee may exercise this discretion by making distributions of income or principal to the beneficiaries "as it shall think proper for the direct or indirect benefit of said [beneficiary], for his [or her] support in reasonable comfort, education . . . and maintenance in health." The Trust also contains the following spendthrift provision:

> Except as herein otherwise provided, the interest of any beneficiary hereunder, either as to income or principal, shall not be anticipated, alienated or in any other manner assigned or pledged or promised by such beneficiary, and shall not be reached by, or be subject to, any legal, equitable or other process, including any bankruptcy proceeding, or be subject to the interference or control of creditors or others in any way or manner, and all payments to or interest of any beneficiary shall be free from the control or claim of any spouse.

In addition, the Trust provides that if the O'Neils make any inter vivos transfer to the Trust, they may direct the trustee to apportion the transfer among some or all of the beneficiaries, equally or unequally. If the O'Neils fail to apportion any amount of the transfer to the beneficiaries, the Trust directs the trustee to apportion the transfer equally among the beneficiaries. After receiving notice of the transfer, the beneficiaries have an "absolute and unrestricted right" to demand their apportioned amounts of the transfer. This withdrawal right lapses if the beneficiary fails to demand distribution within thirty days of receiving notice of the transfer or by the last day of the calendar year in which the transfer is made, whichever date is earlier. No beneficiary can demand an amount that exceeds the annual gift tax exclusion set forth in the Internal Revenue Code. See 26 U.S.C. § 2503(b) (2018).

The O'Neils, who were still living at the time of the trial court's order, have no right to receive any principal or income distributions from the Trust. Upon the death of the later-surviving parent, the trustee will distribute the Trust's assets to the three beneficiaries, provided that each of the beneficiaries survives the later-surviving parent. The beneficiaries also have testamentary powers of appointment, allowing them to direct, through their wills, the ultimate distribution of their interests in the Trust, subject to certain limitations. If any beneficiary predeceases the O'Neils, that beneficiary's

distribution will pass to his or her living issue, apportioned per stirpes, unless the beneficiary exercises his or her testamentary power of appointment in favor of someone else.

The parties married in 2002, about two years after the O'Neils created the Trust. Between 2001 and 2008, the respondent received five distributions from the Trust, all of which totaled $65,000. The parties do not dispute that these distributions benefitted the family.

In 2017, the parties filed for divorce, citing irreconcilable differences. The trial court held a hearing on the issue of whether the petitioner was entitled to any portion of the respondent's interest in the Trust. The respondent conceded that the distributions she received during the marriage constituted marital property, but argued that the petitioner was not entitled to any portion of post-divorce distributions that she may receive from the Trust. The trial court disagreed, concluding that her interest in receiving future distributions from the Trust was marital property subject to equitable division. See RSA 458:16-a. Accordingly, the trial court awarded the petitioner one-sixth of the cash value of the life insurance policy, reflecting one-half of the respondent's remainder interest in the Trust, as well as one-half of any future distributions that the respondent withdraws from inter vivos transfers made by the O'Neils to the Trust for five years following the effective date of the divorce decree. The respondent filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. Legal Standards

In divorce cases, if the trial court apportions marital property, it must do so equitably. RSA 458:16-a, II. Marital property includes "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." RSA 458:16-a, I. Any property acquired up to the date of a final decree of divorce is considered marital property. In the Matter of Cohen & Richards, 172 N.H. 78, 83 (2019). Accordingly, the trial court must determine, as a matter of law, what assets constitute marital property under RSA 458:16-a, I. Id. Then, it must exercise its discretion to equitably distribute those assets. Id. The trial court's determination as to what assets are marital property under RSA 458:16-a, I, presents a question of law, which we review de novo. In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 16 (2007).

## III. Analysis

On appeal, the respondent first argues that the trial court's classification of her interest in the Trust as marital property was contrary to RSA 564-B:5-502(e), which precludes any beneficial interest in a trust that is subject to a spendthrift provision from being classified as marital property. We agree.

3

RSA 564-B:5-502(e) states, in relevant part: "To the extent that a beneficiary's interest in a trust is subject to a spendthrift provision, the beneficiary's interest . . . [i]s not property for purposes of RSA 458:16-a, I." The spendthrift provision set forth in the Trust protects the respondent's interest "either as to income or principal" by prohibiting the respondent from "anticipat[ing], alienat[ing] or in any other manner assign[ing] or pledg[ing] or promis[ing]" her interest in the Trust, and by providing that the respondent's interest "shall not be reached by, or be subject to, any legal, equitable or other process, . . . or be subject to the interference or control of creditors or others in any way or manner." Because the petitioner does not challenge the validity of the spendthrift provision, we assume, without deciding, that it sufficiently restrains both voluntary and involuntary transfer of the respondent's interest, as required by RSA 564-B:5-502(a), and is therefore enforceable. Thus, in light of the clear statutory mandate set forth in RSA 564-B:5-502(e), we agree that the respondent's interest in the Trust is not marital property subject to equitable division. See In the Matter of Merrill & Merrill, 174 N.H. __, __ (decided April 20, 2021).

The petitioner, on the other hand, argues that our decision in Flaherty v. Flaherty, 138 N.H. 337 (1994), is controlling. In Flaherty, we determined that the defendant's remainder interest in an irrevocable trust created by his parents was marital property, even though the trust contained an anti-alienation clause similar to the spendthrift provision in this case. Id. at 338, 340-41. Applying Massachusetts law, we held that "the anti-alienation clause . . . do[es] not preclude our treatment of the interest as marital property." Id. at 341. Despite certain factual similarities between Flaherty and this case, we are unpersuaded that Flaherty controls our decision today. We explained in Flaherty that "[a]lthough spendthrift trusts have been held valid in Massachusetts, courts have recognized that such trusts can be included in the marital property to be considered for division." Id. However, New Hampshire law differs; RSA 564-B:5-502(e) expressly prohibits any interest in a trust that is subject to a spendthrift provision from being classified as marital property. The statutory mandate in RSA 564-B:5-502(e) is clear, and "it is axiomatic that courts do not question the wisdom or expediency of a statute." Scheffel v. Krueger, 146 N.H. 669, 672-73 (2001) (quotation and brackets omitted).

Therefore, in light of the spendthrift provision set forth in the Trust, we conclude that the trial court erred by classifying the respondent's interest in the Trust as marital property subject to equitable division. See RSA 564-B:5-502(e). Because this conclusion requires that we reverse the trial court's decision, we need not consider the respondent's remaining arguments.

## IV. Conclusion

For the foregoing reasons, we reverse the trial court's property division determination to the extent that it awarded the petitioner one-sixth of the cash

value of the life insurance policy and one-half of any amount the respondent withdraws from inter vivos transfers made to the Trust within five years of the effective date of the divorce decree.  Accordingly, we vacate the remainder of the property division determination and remand for further proceedings in light of our ruling that the respondent's interest in the Trust is not marital property.

<u>Reversed in part; vacated in part; and remanded</u>.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.